## HYMES *v.* VAN CLEEF.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

1. APPEAL—REVIEW—FACTS ADMITTED IN RECORD.

In an action by a vendee of land against the administrator of the grantor of plain-tiff's vendor for breach of a covenant for quiet enjoyment, the alleged breach was the eviction of plaintiff from a portion of the land which had been appropriated, before conveyance, as part of a public street. The deeds to plaintiff's vendor and to plaintiff, together with the map therein referred to in describing the premises, were introduced in evidence to show that part of the premises conveyed was in-cluded in the street as alleged. Defendant contended that the map indicated that the land conveyed did not include any portion of the street. The court offered to submit that question to the jury if defendant desired, but it did not appear by the record that defendant expressed any such desire. *Held,* that the fact that the street occupied a portion of the premises conveyed would be regarded as admitted by defendant.

2. COVENANTS—ACTION FOR BREACH—DECLARATIONS OF GRANTOR.

In such case the declarations of defendant's decedent, made both before and after the conveyance by decedent to plaintiff's vendor, tending to show that part of the premises conveyed was included in the street, were admissible in evidence as against defendant.

3. SAME—MEASURE OF DAMAGES.

In such case the proper measure of damages is the value at the time of the evic-tion of the portion of the premises from which plaintiff was evicted, as compared with the then value of the entire premises.

4. NOTICE OF APPEAL—SUFFICIENCY.

A notice of appeal from a judgment entered March 31, 1890, contained the follow-ing statement: "And the appellant intends to bring up for review upon such appeal the order dated the 24th day of January, 1891, denying the defendant's motion for a new trial." *Held,* under Code Civil Proc. N. Y. § 1300, which provides that a notice of appeal from an order must be to the effect that appellant appeals from the order, or some part thereof, that the notice was sufficient, though appellant's prac-tice was irregular. *Brumfield* v. *Hill,* 8 N. Y. Supp. 143, distinguished.

Appeal from circuit court, Tompkins county.

Action by Jehiel Hymes against Mynderse Van Cleef, as administrator with the will annexed of Joseph Esty, deceased. From a judgment for plain-tiff for $812.30 damages, and $1,141.20 costs, entered March ·31, 1890, de-fendant appeals.

The notice of appeal contained the following statement: "And the appel-lant intends to bring up for review upon such appeal the order dated the 24th day of January, 1891, denying the defendant's motion for a new trial." The respondent noticed a motion for the term at which this case was argued, to have that portion of the notice of appeal stricken out. The motion was argued with the appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Almy & Bouton, for appellant.    F. E Tibbetts, for respondent.

MARTIN, J.  This action was to recover damages for the breach of a cove-
nant of warranty contained in a deed of certain premises situate in the city of
Ithaca, N. Y., given by the appellant's testator to the respondent's grantor,
April 30, 1869.  The covenant was for quiet enjoyment.  In an action which
was subsequently commenced against the plaintiff by the then village of
Ithaca, it was held that a portion of the land claimed by the respondent un-
der such deed was in and constituted a part of one of the public streets or
highways of that village, and the respondent was perpetually restrained from
interfering with its use and enjoyment as such.  The alleged breach of cove-
nant was the eviction of the plaintiff by the village of Ithaca from the por-
tion of the lot which had been appropriated, before conveyance, as a part of
a public street.  The case has been three times tried.  Upon the first trial the
plaintiff had a verdict.  The defendant thereupon moved for a new trial,
which was granted.  The plaintiff then appealed to the general term, and the
order granting a new trial was affirmed upon the ground that the fact that a
part of the land conveyed was at the time a part of a public highway, openly
used, was not a breach of the covenant.  Upon the second trial the plaintiff
was nonsuited, which was affirmed by the general term, (46 Hun, 678, mem.)
From the judgment entered on this decision of the general term an appeal
was taken to the court of appeals, where it was held (22 N. E. Rep. 1087) that
the fact that a part of the land conveyed, with a covenant of warranty, was
at the time of the conveyance a highway, and used as such, was not a breach
of warranty, but that this rule does not apply where the purchaser has no
notice of the existence of such highway, and there was no indication of its
existence, and the judgment was reversed on the ground that it was a ques-
tion of fact whether the street was open and visible, or its existence known to
the purchaser when the premises were conveyed by the defendant's testator.
Upon the last trial, substantially the only question litigated was whether the
plaintiff or his grantor knew of, or the situation of the premises was such at
the time as to indicate, the existence of a street across the premises.  Much
evidence was given upon this question.  That of the plaintiff tended to show
that the existence of the street was unknown to him, and not indicated by the
situation of the premises.  That of the defendant was to the contrary.  The
question was fairly submitted to the jury, and it found for the plaintiff.  The
verdict was justified by the evidence.

On the trial the plaintiff introduced in evidence the deed from the defend-
ant's testator to one Todd, the plaintiff's grantor, and a deed from Todd to
the plaintiff, together with the map referred to in the description of the prem-
ises contained in those deeds.  The plaintiff testified that he had had a sur-
vey of the premises made, starting from a center-stone at the corner of Mill
and Tioga streets; that he measured from the corner between his premises
and those of Wilson 66 feet, and it ran over the bank into the creek 3 feet.
We do not find that this evidence is seriously contradicted.  The defendant's
only claim was that the map indicated that the portion of the premises where
the street exists was not included in the lot in question.  The court offered to
submit that question to the jury if the defendant desired, but we find nothing
in the appeal-book to indicate that the defendant made any request or ex-
pressed any desire to have that question thus submitted.  We think the fact
that the street occupied a portion of the premises described in the plaintiff's
deed must be regarded as practically admitted, in view of the course pursued
by the defendant at the trial.

The appellant contends that the court erred in admitting the declarations
of his testator.  The appellant introduced the evidence of Gowen Todd, taken
on a former trial, wherein he, among other things, testified: "I proposed to

Mr. Esty to buy the lot, and went with him, and we looked it over. He gave me a statement of the size. He said it was sixty-six feet front. I don't recollect the depth. To get the whole sixty-six feet, it carried the north corner some few feet into the creek. I couldn't say how many feet. We could not establish the corner. Mr. Esty did not know where the corner was, and we did not measure it. He said it went over into the creek. He could not tell me any distance it went into the creek." This evidence was objected to as incompetent, irrelevant, and immaterial, that parol proof was incompetent to extend or vary the description in the deed, and that the preliminary negotiations were merged in the deed. These objections were overruled, and the evidence was admitted for the purpose of showing whether the person who negotiated for the purchase of the premises was informed as to the existence of the highway. The plaintiff was permitted to prove other declarations of the testator, while in possession of the premises, and also subsequent to his conveyance of them, to the effect that the lot in question extended across the street, and into the creek. This evidence was objected to as incompetent, immaterial, and irrelevant. The objections were overruled, and the defendant excepted. We find no error in these rulings that would justify an interference with the judgment. The admissions proved were the admissions of the defendant's testator, both while in the possession of the premises and subsequent to the conveyance to the plaintiff's grantor. The declarations of a person in possession of lands are competent evidence against himself and all persons claiming under him for the purpose of showing the character of his possession, and by what title he claims. *Pitts* v. *Wilder*, 1 N. Y. 525; *Chadwick* v. *Fonner*, 69 N. Y. 404; *Spaulding* v. *Hallenbeck*, 35 N. Y. 204; *Abeel* v. *Van Gelder*, 36 N. Y. 513. The declarations of the testator, made subsequent to his conveyance, were against his interest, and therefore admissible against his personal representative. *Lucky* v. *Odell*, 46 N. Y. Super. Ct. 548; *Howell* v. *Taylor*, 11 Hun, 214. Indeed, by reason of the privity by representation which existed between the defendant and his testator, his declarations were admissible in the same manner as they would have been against the testator. 1 Greenl. Ev. § 189.

The plaintiff was allowed to prove the value, at the time of the eviction, of the corner of his lot taken, as compared with the whole premises, assuming them to be worth $1,650 at that time. This was objected to as "incompetent, irrelevant, immaterial, and without foundation in the proof of this action." The objections were overruled, and the defendant excepted. It is quite manifest, from the rulings and charge, that the court adopted and submitted the true rule of damages to the jury. The measure of damages, in actions of this description, is such a part of the original purchase price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole premises. *Hunt* v. *Raplee*, 44 Hun, 149, 155. It seems to have been assumed on the trial that the consideration for the purchase of the whole premises was $1,650, and proof was allowed as to the value of the land taken, assuming the value of the whole to have been that sum. The court charged the jury that, if it found that there was less of the land taken than was asserted by the plaintiff, it would then take such proportion of the value as it thought proper, and deduct from the amount. The value of the land as found by the jury seems to have been $174, while the proof of the value of the whole corner of the plaintiff's lot was $250. We find no error in this which would justify a reversal. We think the judgment should be affirmed.

This leaves for consideration the respondent's motion to strike from the notice of appeal the words, "and appellant intends to bring up for review upon such appeal the order dated the 24th day of January, 1891, denying the defendant's motion for a new trial." It is not apparent to us how the determination of this motion in the respondent's favor would improve his condi-

tion on this appeal, as all the exceptions argued by the appellant were brought up by his appeal from the judgment. The correctness of the appellant's practice is more than doubtful. Code Civil Proc. § 1300, provides the manner of taking an appeal from a judgment or order, except in cases of an interlocutory judgment or intermediate order. When the appeal is from an order other than an intermediate one, there should be a written notice of appeal to the effect that the appellant appeals from the order or some part thereof. The notice of appeal in this case is not in strict conformance with the provisions of sections 1300, but more nearly in conformance with the provisions of section 1301, which relate only to an intermediate order. That the order denying the defendant's motion for a new trial in this case was not an intermediate order is quite manifest. An intermediate order is one made between the commencement of an action and the entry of the judgment from which the appeal is taken. Baylies, New Trials, 49. This order was made long after the entry of the final judgment appealed from. Therefore the correct practice was to appeal from the order, rather than to specify in the notice of an appeal from the judgment that the order would be reviewed as though an intermediate one. This case is clearly distinguishable from *Brumfield* v. *Hill*, 8 N. Y. Supp. 143, as in that case the motion was made on the minutes of the trial judge, and before the entry of judgment. These considerations lead us to the conclusion that the plaintiff's motion should be granted, or, at least, the appeal should be treated as an appeal from the judgment only, unless the language employed in the notice of appeal can be treated as a notice of appeal from the order denying a new trial. As we have already seen, the requisities of a notice of appeal are that it shall contain a written notice to the effect that the appellant appeals from the judgment or order, or some part thereof. In this notice the appellant states that he intends to review on the appeal the order dated January 24, 1891, denying the defendant's motion for a new trial. While the practice of the appellant in this case is not to be encouraged, and is not strictly correct, still we are disposed to hold that the statement in the notice of appeal was sufficient to constitute an appeal from the order sought to be reviewed. It follows that the plaintiff's motion should be denied, but, in view of the irregularity of the notice, no costs should be allowed. Motion denied, without costs. Judgment and order affirmed, with costs to the respondent. All concur.