JAMES W. FOX and Others, Appellants, *v.* FRANZ O. MATTHIESSEN, Respondent.

*Appeal from a judgment — notice of an intention to bring up orders for review — what orders are reviewable thereunder — intermediate order defined — the reopening of a case on rebuttal is discretionary — ruling thereon not reviewable on appeal.*

A notice of appeal from a judgment which gives notice of an intention to review an order which denied a motion for the new trial of the action on the judge's minutes, under the provisions of section 1316 of the Code of Civil Procedure, brings up such order for review upon the appeal; but an order denying a motion to set aside a verdict and for a new trial, on the ground of the alleged misconduct of one of the jurors, and an order made denying a motion to resettle such order, are not intermediate orders affecting the judgment in the action, and a statement in the notice of appeal from the judgment of an intention to bring up such orders for review upon the appeal is not sufficient to enable the appellate court to review them, although the judgment was not entered until after the granting of such orders.

An intermediate order is one made between the commencement of the action and the time the successful party has the right to enter final judgment therein.

The plaintiff in an action has no right to withhold a part of his testimony until he has ascertained how far the defendant's testimony would contradict the same, and then offer the balance of his testimony in rebuttal; it is discretionary with the trial court how far it will permit the reopening of a case on rebuttal, and its ruling in that respect is not reviewable upon appeal.

APPEAL by the plaintiffs, James W. Fox and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 16th day of June, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit, with notice of an intention to bring up for review upon such appeal an order made at the Westchester Circuit on the 12th day of April, 1894, and entered in said clerk's office denying the plaintiffs' motion for a new trial made upon the minutes, an order made at the Westchester Special Term and entered

in said clerk's office on the 10th day of May, 1894, denying the plaintiffs' motion for a new trial on the ground of the misconduct of a juror, and an order made at the Westchester Special Term and entered in said clerk's office on the 26th day of May, 1894, denying the plaintiffs' motion to resettle the order entered in said clerk's office on the 10th day of May, 1894.

*James M. Hunt,* for the appellants.

*Martin J. Keogh,* for the respondent.

BROWN, P. J.:

This action was brought to recover commissions upon the purchase price of certain sugar refineries, alleged to have been earned under an agreement with the defendant.

Upon the trial the jury rendered a verdict for the defendant.

The verdict was rendered on April 12, 1894, and an order entered on that day denying a motion for a new trial on the judge's minutes, but judgment was not entered until June sixteenth.

On May fifth the plaintiffs moved, at Special Term, upon affidavits and upon the minutes of the trial, to set aside the verdict and for a new trial, upon the ground of the misconduct of a juror; and an order denying such motion was made and entered on May tenth, and on May twenty-sixth another motion was made to resettle the order of May tenth, which was denied upon the same date and an order duly entered.

The notice of appeal in this case is from the judgment, and states that the plaintiffs intend to bring up for review at the same time the order denying plaintiffs' motion for a new trial upon the minutes and the orders of May tenth and May twenty-sixth.

There is no appeal from any of the orders, except in the manner and form stated.

The form of the appeal does not bring before us for review the orders of May tenth and May twenty-sixth. Those were not intermediate orders.

Section 1316 of the Code provides that an appeal from a final judgment brings up for review "an intermediate order which is specified in the notice of appeal and necessarily affects the final judgment."

A notice of appeal from a judgment, which specified an order denying a motion for a new trial on the judge's minutes, was held, under this section, to bring up such an order for review. (*Hymes* v. *Van Cleef*, 15 N. Y. Supp. 343; *Pfeffer* v. *B. Ry. Co.*, 24 id. 490.)

But an order denying a motion to set aside a verdict on the ground of surprise, irregularity in the trial and misconduct of one of the jurors, has been held not to be an intermediate order necessarily affecting the judgment. (*Selden* v. *D. & H. Canal Co.*, 29 N. Y. 635; *Hymes* v. *Van Cleef*, 15 N. Y. Supp. 341.)

In the last case the court defined an intermediate order to be one made between the commencement of the action and the entry of the judgment from which the appeal is taken.

The orders appealed from in this case fall within the letter of that definition, but they do so merely from the fact that the defendant delayed entering the judgment long after he was entitled to do so, and not from any connection existing in law or fact between the orders and the judgment. The motions were not addressed to the trial court, but to the Special Term, long after the Circuit adjourned; and while it is a fact that, had they been granted, judgment would not have been entered, it is equally the fact that there was the legal right to enter the judgment immediately upon the rendition of the verdict, and neither the motions nor the orders that the court might make therein necessarily affected that right, and if it was necessary for us to define an intermediate order we should designate it as one made between the commencement of the action and the time the successful party had a right to enter final judgment. We are of the opinion, therefore, that the orders denying a new trial for the misconduct of the juror are not before us for review, and the appeals therefrom are dismissed.

Upon the merits of the case the testimony was of a most conflicting character. The jury adopted the defendant's version of the case, and their determination of the facts is final.

The exceptions to the exclusion of testimony are not sustained.

The testimony offered in rebuttal was properly excluded.

The facts which it was sought to bring out were not material to the controversy.

It was not denied that Leonard and defendant had had frequent conversations, both at their respective homes and on the trains.

The facts that defendant might have been frequently at Leonard's home, or that he was there on a Sunday afternoon when Leonard started for Philadelphia, or that he once had a long conversation with Leonard on the train were all corroborative of Leonard's testimony, and, if they had any relevancy to the case, tended to establish Leonard's version of the contract. It was, therefore, a part of the plaintiffs' original case, and they had no right to withhold a part of their testimony until they had ascertained how far defendant's testimony would contradict their testimony, and then offer the balance in rebuttal.

It was discretionary with the court how far it would permit a reopening of the case on rebuttal, and its ruling in that respect is not reviewable on appeal.

We have examined the other exceptions, but there are none that require notice.

The judgment and order denying a new trial upon the judge's minutes must be affirmed, with costs, and the appeals from the orders of May tenth and May twenty-sixth are dismissed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying motion for a new trial on the judge's minutes affirmed, with costs; appeals from orders of May tenth and May twenty-sixth dismissed, with ten dollars costs and disbursements.