ABNER MILLS, Appellant, *v.* ETTA STEWART and Others, Respondents.

*Order of reference — a party cannot submit thereto and subsequently appeal there-
from — when it is not an intermediate order — what is not an appeal from a final
judgment — the authority of an attorney continues until final judgment.*

A party cannot submit to an order of reference, proceed to a hearing upon the
merits, and in the event of the decision being adverse to him attack the regu-
larity of the order or the authority of the court to make it.

Where a County Court makes an order sending to a referee the question as to the
amount paid upon a decree in foreclosure (there being a dispute between the
plaintiff and a junior incumbrancer as to whether payments made by the latter
to the plaintiff's attorney, under an agreement made by the junior incumbrancer
with the plaintiff's attorney to take an assignment of the decree, were binding
upon the plaintiff), such order is not an intermediate order and is reviewable
only upon a direct appeal from it.

An appeal from an order denying the plaintiff's motion to vacate the order, and
to set aside the report of the referee in such a case, is not an appeal from a
final judgment.

The authority of an attorney continues until final judgment is rendered, and
payments made to him upon an interlocutory judgment in foreclosure are bind-
ing upon his client.

APPEAL by the plaintiff, Abner Mills, from an order of the County
Court of Sullivan county, entered in the office of the clerk of said
county on the 15th day of January, 1895, denying the plaintiff's
motion to vacate an order of reference, dated July 9, 1894, and to
set aside the report of a referee appointed under said last-mentioned
order, which report was filed in said clerk's office on the 31st day of
October, 1894, with notice of an intention to bring up for review
upon such appeal an order of reference made by said County Court
of Sullivan county, dated July 9, 1894, referring to a referee to take
proof and report as to what sum was due and unpaid upon a decree
in foreclosure entered in said clerk's office on the 16th day of Feb-
ruary, 1886, the report and decision of the referee when filed to
stand as the decision of the court, all proceedings of the plaintiff
being stayed until the determination of the matter.

The controversy arose from the following facts: T. A. Read, as
attorney for the plaintiff, Abner Mills, began an action of fore-
closure in the Sullivan County Court against Etta Stewart, mortgagor,
and others, including Warren L. Scott, a junior incumbrancer by

mortgage. A decree of foreclosure was entered on February 15, 1886, for $1,076.60, and for costs $141.25. On April 10, 1886, as the referee appointed in the matter found, Warren L. Scott made an agreement with Read that, in consideration of the postponement of the mortgage sale, he (Scott) would take an assignment of the decree and make therefor payments at dates stated. Under this agreement Scott paid Read $1,000, of which Read paid the plaintiff only $450. In 1888 Etta Stewart, mortgagor, conveyed the premises to Scott. Read remained attorney for the plaintiff until his death in May, 1892. No sale of the premises had taken place. Scott applied to the County Court of Sullivan county to have the amount remaining due upon the decree fixed. · The court then made the order recited above and dated July 9, 1894. The referee thereby appointed reported that all the payments made by Scott to Read should be credited upon the decree and were valid as against the plaintiff.

*John A. Thompson,* for the appellant.

*George H. Carpenter,* for the respondent Scott.

HERRICK, J.:

The order appointing the referee cannot be reviewed upon this appeal. It is not an intermediate order, nor is this an appeal from a final judgment, within the meaning of section 1316 of the Code of Civil Procedure. (*Fox* v. *Matthiessen,* 84 Hun, 396.)

The only way to review such an order is by a separate appeal. The appellant cannot submit to an order and proceed to a hearing upon the merits and take his chances of a favorable decision, and then in the event of its being adverse to him attack the regularity of the order or the authority of the court to make it.

The question then comes upon the merits of the decision of the referee so appointed. The plaintiff's attorney had the right to act for him in all matters relating to the foreclosure suit until final judgment at least; the proceedings here had not gone to that length; only an interlocutory decree had been entered; the agreement between the plaintiff's attorney and Scott was in effect nothing more than the law would award to Scott upon payment of the mortgage. (*Twombly* v. *Cassidy,* 82 N. Y. 157; *Arnold et al.* v. *Green,* 116 id. 566–572.)

The amount paid to Scott is undisputed, the person to whom it was paid being the plaintiff's attorney, and in the very proceeding in which it was paid the amount thereof should be credited on the interlocutory judgment.

The order should, therefore, be affirmed, with costs and disbursements.

PUTNAM and FURSMAN, JJ., concurred.

Order affirmed, with costs and disbursements.