(24 App. Div. 519.)

## TAYLOR v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. APPEAL—NOTICE—SUFFICIENCY.
    A notice that it is appellant's "intention" to bring up for review an order denying a motion for a new trial is sufficient, under Code Civ. Proc. § 1300, requiring a notice "to the effect" that appellant appeals from the order.

2. SAME—DENIAL OF NEW TRIAL.
    An order denying a motion for a new trial is not an intermediate order, which "necessarily affects the judgment," within Code Civ. Proc. § 1316, and cannot be reviewed, where notice of appeal therefrom was served after the time for separate appeal had expired.

3. SAME—SUFFICIENCY OF EVIDENCE.
    On an appeal from a judgment only, the appellate division will not disturb the jury's verdict, though it is against the weight of the evidence.

4. CONTRACTS—LIQUIDATED DAMAGES.
    A party agreeing to pay $1,300 "in lieu" of deeds to certain property and abstracts of title thereto, if they are not delivered, is bound to pay such sum upon failure to furnish the abstracts, though the other party is not actually damaged to such an extent.

5. SAME—NECESSITY OF DEMAND.
    No demand need be made of a party agreeing to deliver an abstract of title, before suing for the amount stipulated to be paid in case of its non-delivery.

6. RIGHT OF ACTION—LACHES.
    A plaintiff suing at law for the amount defendant agreed to pay on his failure to furnish an abstract is not estopped by laches, though he waited nearly five years before suing.

Appeal from trial term, Erie county.

Action by George R. Taylor against Edward Smith upon a written contract. Judgment for plaintiff, and defendant appeals. Respondent moves that certain words in the notice of appeal be stricken out. Motion granted, and judgment affirmed.

In addition to giving notice of appeal from the judgment, the notice of appeal also contains the following: "And it is the intention of the appellant herein to bring up for review before this court the order denying appellant's motion for a new trial, made and entered in the office of the clerk of the county of Erie on the 21st day of January, 1897, and the whole and every

part thereof." The respondent made a motion at this term of court to strike from the notice of appeal the words above quoted. By stipulation of counsel, the motion and appeal were heard together.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Tracy C. Becker, for appellant.

Moses Shire, for respondent.

GREEN, J. Motion is made to strike out from the notice of appeal the statement that it is the appellant's intention to bring up for review the order denying a motion for a new trial, which order is contained in the printed case. The time within which an appeal may be taken from such an order had expired when the notice of the appeal from the final judgment was served.

Two questions are presented: First, whether the statement in the notice is equivalent to an explicit or direct notice of appeal, within section 1300, Code Civ. Proc.; second, whether an order denying a motion for a new trial, made before entry of judgment, may be reviewed as an intermediate order which "necessarily affects the final judgment," notwithstanding the expiration of the time within which a separate appeal therefrom might have been taken (section 1316).

The first question must be answered in the affirmative. See Pfeffer v. Railway Co. (Super. Buff.) 4 Misc. Rep. 465, 24 N. Y. Supp. 490, and authorities referred to below. So that, if the time limited for appeals from orders of that character had not expired, the notice of intention would stand good as a notice "to the effect" that the appellant appeals from the order, and the second question stated would not arise; but, since such time had expired, the appellant is compelled to maintain the affirmative of the second proposition, and that requires careful consideration by the court. The former Code of Procedure provided that:

"Upon an appeal from a judgment the court may review any intermediate order, involving the merits and necessarily affecting the judgment." Section 329.

Section 1316 of the present Code provides that:

"An appeal, taken from a final judgment, brings up for review, an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court or the term of the court, to which the appeal from the final judgment is taken. The right to review an interlocutory judgment, or an intermediate order, as prescribed in this section, is not affected by the expiration of the time, within which a separate appeal therefrom might have been taken."

Section 1301 provides that:

"Where the appeal is from a final judgment, or from a final order in a special proceeding, and the appellant intends to bring up, for review thereupon, an interlocutory judgment, or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment, or intermediate order, to be reviewed."

Sections 1347 and 1351 provide, among others, for appeals from orders granting or refusing a new trial.

Under the former Code of Procedure, there was no express requirement that an intermediate order of the character described should be specified in the notice of appeal, though it may, perhaps, be implied from the language of section 330. Yet it was said that, if the order is one that involves the merits and necessarily affects the judgment, it is reviewable on appeal therefrom, and it is immaterial that it is not mentioned in the notice of appeal. Selden Case, 29 N. Y. 634. In such a case, it would seem, the right of review would not be affected by the circumstance that the time for appeal from the order had expired; for, if it both involved the merits and necessarily affected the judgment appealed from, it must require or deserve consideration in determining the matters in controversy. Section 1316 of the new Code is based on section 329 of the former Code, but it has been limited, as required by sections 1301 and 1317, to interlocutory judgments and intermediate orders specified in the notice of appeal, and which have not already been reviewed. Throop's Note. The last clause of section 1316 discriminates between those intermediate orders which do, and those which do not, necessarily affect the final judgment. Section 1301 provides for all intermediate orders, without regard to their character or legal effect, while section 1316 has reference only to those which necessarily affect the judgment, and the words, "as prescribed in this section," refer only to orders of that character. In respect to intermediate orders which do not necessarily affect the judgment, there is no provision that the right of review shall not be impaired by the expiration of time. In view of the fact that, by section 1301, it is contemplated that an appeal from a final judgment shall bring up for review any intermediate order specified in the notice, and irrespective of its character or its necessary effect upon the judgment, we are unable to perceive the purpose of the words in the first clause of section 1316, "and necessarily affects the final judgment," unless they were intended to mark a distinction between the two classes of orders in respect to the expiration of the time to appeal, as provided by the last clause, or unless they were intended to restrict the right of review to orders that necessarily affect the judgment, and thus to limit the effect and operation of section 1301 to orders of that character. But the latter construction would be unwarranted. In the note to section 1316 it is stated that:

"This section will relieve a party from a real or supposed necessity of taking such an appeal, by providing that the interlocutory judgment may always be reviewed upon appeal from the final judgment. Under the present system, the unsuccessful party is, or generally supposes himself to be, compelled to appeal, under the penalty of being conclusively bound by the interlocutory judgment."

Whatever consideration or effect may be given to this statement, it cannot control the plain provision of the section. An interlocutory judgment in most, if not in all, cases may be said to affect the judgment more or less, or necessarily involve the merits of the controversy or the matters in litigation. But the same cannot be said of many intermediate orders.

It will be pertinent to review the pertinent adjudications before finally determining the proper application of section 1316 to the order appealed from.

In Selden v. Canal Co. (1864) 29 N. Y. 634, after entry of judgment, defendant made two successive motions to set aside the verdict on the grounds of surprise, that the trial was irregular, the misconduct of a juror, and that the verdict was against the weight of evidence. These motions were denied, and the judgment and orders were affirmed. In the notice of appeal from the judgment of the general term these orders were not mentioned, and the court said:

"It is not material that they are not mentioned in the notice of appeal. If they were reviewable here under any circumstances, they would be so on the appeal from the judgment. They are not, however, intermediate orders involving the merits and necessarily affecting the judgment, within section 11, subd. 1, Code Proc. They are not intermediate orders in any sense, but entirely outside of the judgment."

In Thurber v. Railroad Co. (1875) 60 N. Y. 326, it was held that an order denying a motion for a new trial, made upon the minutes, is not brought before the general term, and is not reviewable on appeal from a judgment, as an intermediate order involving the merits and necessarily affecting the judgment. Code Proc. § 329. A review of the facts can only be there heard on appeal from the order. In this case the plaintiff had a verdict, and defendant appealed from the judgment, and obtained a reversal and an order for a new trial; but the court of appeals reversed the order granting a new trial, and affirmed the judgment entered on the verdict. The court held that the order denying defendant's motion for a new trial, made at special term, was not before the general term, nor reviewable by the court of appeals, as an intermediate order involving the merits, and necessarily affecting the judgment, within section 11, subd. 1. We understand these decisions as ruling that an order denying a motion for a new trial cannot be said to be an intermediate order involving the merits, and necessarily affecting the judgment, and therefore reviewable as such, even though it were specified in the notice of appeal.

In Piper v. Van Buren (1882) 27 Hun, 385, the point decided was that the court had no power to allow an amendment of the notice of appeal from the judgment by inserting therein a statement that the appellant also appealed from the order denying the motion made for a new trial, where the time to appeal from such order had expired. It was also intimated in the opinion delivered that, if the notice of appeal had specified the order, then the right of review would have been perfected, even though the time limited had expired. But that cannot be regarded as the deliberate decision of the court. In Brumfield v. Hill (Sup.; 1889) 8 N. Y. Supp. 143, it was stated in the notice of appeal that the appellant intended to bring up for review the order denying motion for a new trial, and it was held that an objection to the sufficiency of the notice came too late when raised for the first time on the hearing of the appeal; and, it seems, the court was inclined to hold that it was sufficient as a notice of appeal, and should be considered, as

the notice specified the order, and the appeal book contained it. But it does not appear that the time prescribed for an appeal from the order had expired.

In Ulster Co. Sav. Inst. v. Fourth Nat. Bank (Sup.; 1889) 8 N. Y. Supp. 162, it was decided that an order denying leave to serve a supplemental answer, showing that the cause had been removed to the United States circuit court, could not be reviewed, under section 1316, the time to appeal therefrom having expired. It was said that such an order did not necessarily affect the judgment, and that this privilege of reviewing, on appeal from final judgment, an intermediate order, is not to be extended beyond the strict language of the provision.

In Hymes v. Van Cleef (Sup.; 1891) 15 N. Y. Supp. 343, the order was made subsequent to the entry of judgment, and in the notice of appeal the appellant stated that he intended to bring up for review the order denying the motion for a new trial. The respondent moved, on notice, to have that portion of the notice stricken out, and the motion was argued with the appeal. The court observed that it was not an intermediate order, within the meaning of section 1301, as it was not made between the commencement of the action and the entry of judgment (Baylies, New Trials, 49); that the correct practice was to appeal from the order, rather than to specify in the notice of an appeal from the judgment that the order would be reviewed, as though an intermediate one. Still, while the notice was not in strict conformity with section 1300, the court was disposed to hold it as sufficient to constitute an appeal from the order and to consider it as such. The case of Brumfield v. Hill (Sup.) 8 N. Y. Supp. 143, was distinguished on the ground that the order was made before entry of judgment; but no such distinction was drawn in the opinion, nor was that the ground of the decision.

In Bloom v. Loan Co. (1884) 81 Hun, 120, 31 N. Y. Supp. 700, affirmed 152 N. Y. 115, 121, 46 N. E. 166, the trial took place at special term, and, after the evidence taken had been closed, the plaintiff was permitted to introduce further proof, and the action was then referred to a referee to take such proof, and to determine the issues upon the whole evidence in the case. After the time to appeal from such order had expired, defendant appealed from the final judgment, and it was held that the order could not be reviewed, under section 1316, as it did not necessarily affect the judgment, although the court had no power to make it, without consent of both parties. The defendant objected to the referee proceeding with the trial, but it was held that, by participating in the trial and failing to appeal from the order within the time limited, that objection could not be raised on the appeal.

In Fox v. Matthiessen (1895) 84 Hun, 396, 32 N. Y. Supp. 356, the order denying motion for a new trial, made upon the minutes, was entered before entry of judgment, and this form of notice was held sufficient,—citing Hymes v. Van Cleef (Sup.) 15 N. Y. Supp. 343; Pfeffer v. Railway Co., 4 Misc. Rep. 465, 24 N. Y. Supp. 490. It was also held that an order denying a motion to set aside a verdict on

the ground of surprise, irregularity in the trial, and misconduct of a juror is not an intermediate order, necessarily affecting the judgment (citing Selden v. Canal Co., 29 N. Y. 635), even though it was entered before entry of judgment. The court conceded that the order was an intermediate one, within the letter of the definition, but that was so simply because the defendant delayed entering judgment long after he was entitled to do so, and not from any connection existing in law or in fact between the order and the judgment; that while it was true that, if the order had been granted, the judgment would not have been entered, it was equally true that there was the legal right to enter judgment immediately upon the rendition of the verdict, and neither the motion nor the order that the court might make therein necessarily affected that right; and that, if it was necessary to define an intermediate order, the court would define it as one made between the commencement of the action and the time the successful party had a legal right to enter final judgment. Now, it is apparent that the same reasons are applicable to an order denying a motion for a new trial made upon the minutes, or upon a case and exceptions, as well as to motions made upon other grounds, and founded upon affidavits. The entry of final judgment is not stayed by a motion for a new trial, unless an order for such a stay is procured and served, and the entry of a judgment does not prejudice a subsequent motion for a new trial. Section 1005. If the judgment is stayed until the hearing and decision of the motion, the legal right to enter it would be suspended in the meantime; but, as will presently be shown, no substantial distinction may be drawn from that circumstance.

When a motion for a new trial is denied, the judgment, if entered, remains unaffected by the order, and, if not entered, the legal right to do so remains unimpaired; and, unless the appellate court reverses the judgment, it will still remain unaffected. If a reversal is ordered, the judgment will then be affected, not by the order of the court below denying the motion, but by the order of the appellate court granting it. Consequently, the judgment, and the proceedings upon which it is founded, come before the appellate court wholly unaffected by the order of the court below. Accurately speaking, an order granted before entry of judgment is an "intermediate" order, while one granted thereafter is not. But no sensible or substantial distinction exists between the two cases, for, if the judgment is necessarily affected in the one case, it must be so in the other, and vice versa. An order denying a new trial, though made before judgment, is not an intermediate order, within the true meaning of sections 1301–1316, Code, and reviewable as such. To hold otherwise would be to discriminate between orders made before and those made after judgment, the latter not being intermediate orders in any sense. It is wholly immaterial whether the order is granted before or after judgment, as respects the right of appeal, and an appeal may be taken even after the expiration of the time limited for appeal from the judgment. Voisin v. Insurance Co., 123 N. Y. 120, 25 N. E. 325. There is no necessary connection between such an order and the final judgment. It is not involved in the judgment, nor is the latter in any way founded upon or concerned with it, nor was it granted in any

proceeding leading up to the judgment, either directly or collaterally; in short, it is entirely outside of the judgment. If any intermediate order granted the respondent, or refused the appellant, necessarily affects the judgment, in the opinion of the appellate court, a reversal of the judgment may be required; but there is a class of intermediate orders which do not have that legal efficiency, and a reversal for error would not be' warranted in respect to them. The question whether any particular order necessarily affects the judgment will always be an open one. The conclusion here is that the order in question is not an intermediate order, nor does it necessarily affect the judgment, within the meaning of the Code. The error, if any, in refusing to set aside the verdict and grant a new trial, was not an error in any of the proceedings leading up to the judgment, within the purview of the provisions of the Code. The appeal, therefore, is only from the judgment; and, as the trial was by jury, the appeal from the judgment brings up questions of law only. If there is any evidence for the jury, that evidence is not reviewable; but, if there is no evidence, the question of law would be presented on motion for nonsuit, which was made in this case at the close of the plaintiff's evidence, and renewed at the close of the entire case.

This action was brought upon a written contract made between the plaintiff and defendant. It appears from that instrument that the plaintiff was the owner of a parcel of land in the state of Minnesota; and a contract was made between him and the defendant, whereby the plaintiff agreed to sell to the defendant, and the defendant agreed to purchase the same, and pay to the plaintiff, for his interest therein, "the sum of $4,800, and other valuable consideration, as follows: $1,000 in cash on the execution and delivery of this agreement; $2,800 by note, already delivered, and $1,000 by conveying to the said second party [plaintiff] twenty lots of the land in the land of the 'Murray Hill addition to the city of Duluth,' as now laid out on the maps of said lands. The deeds thereof, with the search or abstract showing the same to be free and clear from any and all liens, to be delivered to the said second party within three months of and after the date of this instrument. And the said first party [defendant] hereby agrees that, if the deeds of said lots and such search are not so delivered and furnished, he will pay to the said second party the sum of thirteen hundred dollars in lieu thereof, in cash, on demand, or if, at the end of one year from this date, second party [plaintiff] so elects, he will purchase back the same at the agreed price of one thousand dollars, with interest thereon from this time, and all taxes and assessments at the time of such purchase." A deed of the lands was executed and delivered by the defendant to an attorney who had acted for the plaintiff in that transaction, but he did not deliver the search, in accordance with the agreement, nor is there any claim made that a search was delivered, either to plaintiff or to his attorney. The question of the delivery of the deed to plaintiff, and of an acceptance by him of the same as full performance of the contract on the part of the defendant, was a question of fact, litigated upon the trial, and the evidence relating thereto was submitted to the jury, which has passed upon it. There was evidence upon this question on the part of the plaintiff and of the defendant which rendered it necessary for the judge presiding

at the trial to submit that question to the jury. As this appeal is from the judgment only, we are not authorized to disturb the finding of the jury, even though its verdict was against the weight of evidence, as is claimed on behalf of the defendant. The defendant, however, contends that the provision in the contract for the payment by defendant to plaintiff of $1,300, upon defendant's failure to deliver the deed and search within three months, was a penalty, and not liquidated damages; and that plaintiff could not recover, except upon proof of actual damage on account of the failure to deliver the search. At the time of the making of this written instrument the parties, by the terms of the instrument executed by them, provided for the contingency which might arise from nonperformance on the part of the defendant respecting the delivery of the search and of the deed. It is very plain from the writing itself that the parties contemplated that the delivery of the search and the deed should be concurrent. The delivery of the search seems to have been as important as the delivery of the deed itself. The parties to the contract, at the time of the execution of the same, were residents of the city of Buffalo. The parcels of land which the defendant had contracted to convey to the plaintiff were situated in the "Murray Hill addition to the city of Duluth, as now laid out on the maps of said lands"; and it is very clear that the plaintiff intended just what he contracted for,—that a search or abstract, showing the lands to be free and clear from any and all liens, should be delivered with the deed of the same, and that he should provide, as he did, against the nonfulfillment of that part of the contract by the defendant. The necessity and importance of that were brought clearly to the attention of the defendant by the further provision of the contract, "that, if the deeds of said lots and said search are not so delivered and furnished" within three months after the date of the agreement, "I [defendant] will pay to the said second party [plaintiff] the sum of $1,300, in lieu thereof, in cash, on demand." The defendant, as it appears, has not fulfilled that part of the contract. The plaintiff gave him the opportunity to fulfill the same during five years following the execution of the instrument. Notwithstanding this lapse of time, defendant has not fulfilled, and now insists that the language used in the contract created a penalty only for the nonperformance upon his part of the provision sought to be enforced against him by the plaintiff in this action. It seems clear to me, from an examination of the entire contract between these parties, that it was intended by them that, in case of the nondelivery of the deed and the abstracts of title to the parcels of land to be conveyed, thereupon, on demand, the defendant would pay the sum of $1,300 in lieu of the property which he had agreed to convey, and that upon payment of that sum he might retain such property unincumbered by the contract made by the defendant with the plaintiff in respect to such lands. The option and election were given to this defendant, by the terms of that contract, to retain the land by neglecting or refusing to deliver the deed and the abstracts, pursuant to the provisions of the contract, and upon payment to plaintiff, in lieu thereof, the sum of $1,300. By his acts and omissions he has elected to retain the land. He has refused to fulfill the contract for the sale of the same, and deliberately brought himself within the provisions

of the contract in such a contingency to pay, in lieu thereof, the sum of $1,300. Our conclusion is that upon this branch of the case the learned judge presiding at the trial correctly interpreted this contract.

It is argued on behalf of the defendant that, as there was no demand made to the defendant to produce and deliver the search, therefore this action cannot be maintained. No demand was necessary on the part of this plaintiff to secure that which the defendant had contracted to perform upon his part. The defendant was the actor in performing that part of the contract, and he cannot evade the consequences of such nonperformance on the plea that the other party to the contract should demand the fulfillment of what was rendered obligatory and necessary on the part of the defendant by the terms of the contract.

The defendant further claims that this plaintiff ought not now to be allowed to enforce his claim because he did not make a demand upon defendant for the payment of this $1,300 until nearly five years from the time of the making of the contract had expired. The plaintiff, preceding the commencement of this action, did duly demand from defendant the payment of the $1,300; the defendant still refused to pay the same; thereupon this action was brought. The defendant, surely, ought not to complain that plaintiff gave him five years in which to fulfill the condition of the contract which he had agreed to fulfill within three months. Nothing has been shown by the defendant which would warrant the court in holding that the plaintiff has done any act estopping him from enforcing his contract. The plaintiff is suing at law, and not in equity, for relief; and there is no statute or laches, brought to the attention of this court, showing that plaintiff is debarred from the enforcement of this contract.

The motion of plaintiff to strike from the notice of appeal the statement that it is the appellant's intention to bring up for review the order denying the motion for a new trial should be granted, with $10 costs.

The judgment should be affirmed, with costs. So ordered. All concur.