BEFORE THE THIRD DIVISION, DECEMBER 18, 1959

No. 63621.—J. V. Whitaker, for the account of Volkart Brothers, Inc. v. United States, protest 58/9929 (Charleston, S.C.).

RICHARDSON, Judge: In this action, the plaintiff is protesting the refusal of the collector of customs at the port of Charleston, S.C., to forward to the United States Customs Court as an appeal to reappraisement a certain letter, dated July 14, 1955, and to cancel and set aside the liquidation of an entry covering merchandise consisting of viscose staple fiber imported from Austria and entered at the port of Charleston in August 1953, by plaintiff, J. V. Whitaker, for the account of Volkart Brothers, Inc.

The official papers were not moved in evidence, but the record as made reveals that the imported fiber was appraised at a value that exceeded the entered value and that a notice of appraisement or reappraisement, dated July 6, 1955, which was offered and received in evidence as plaintiff's exhibit 1, was sent to the plaintiff apprising him of that fact.

Under date of July 14, 1955, Volkart Brothers, Inc., sent to the collector the letter referred to above. This letter was admitted in evidence as plaintiff''s exhibit 2 and reads as follows:

REGISTERED AIRMAIL
Collector of Customs
Charleston, South Carolina
Dear Sir:

We refer to Notice of Appraisement or Reappraisement (District No. 16 Port of Charleston, S.C.) dated July 6, 1955.

This involves 360 bales of Viscose Staple Fibre entered by Mr. J. V. Whitaker, Palmetto Shipping Co., Inc., P.O. Box 171, Charleston, S.C., for our account. The merchandise was entered under Consumption Entry #186 dated August 31, 1953, per S/S "Southwind".

It is our intention to appeal the decision that the appraised value exceeds the entered value.

The matter will, hence forth, be handled by Mr. John D. Rode, Attorney and Counselor at Law, 342 Madison Ave., New York 17, New York.

Yours very truly,
VOLKART BROTHERS, INC.
/s/ E. M. Driesse
E. M. Driesse

It was admitted at the trial that this letter was received by the collector within 30 days from the date of the notice of appraisement.

The collector liquidated the entry in question on September 24, 1955.

Under date of May 1, 1958, counsel for plaintiff wrote the collector a letter (plaintiff's exhibit 3) in which it was requested that said liquidation be canceled and set aside and that the letter of July 14, 1955, set forth above, be forwarded to the United States Customs Court as an appeal to reappraisement. By letter, dated May 5, 1958 (plaintiff's exhibit 4), the collector refused to comply with the request to cancel and set aside the liquidation of September 24, 1955, on the ground that the liquidation had become final and conclusive on all parties under 19 U.S.C.A., section 1514 (§ 514, Tariff Act of 1930). He further stated that his office did not consider Volkart Brothers' letter of July 14, 1955, as an appeal to reappraisement. Against this refusal, the instant protest was filed on May 12, 1958.

Plaintiff contends, first, that the letter of July 14, 1955, written by Volkart Brothers, Inc., constituted a valid appeal for reappraisement of the merchandise involved and should have been forwarded by the collector to the United States Customs Court as provided in 19 U.S.C.A., section 1501, as amended (§ 501, Tariff Act of 1930). Secondly, plaintiff contends that the alleged liquidation of September 24, 1955, was illegal and void as being premature, since there was pending an appeal for reappraisement at the time it was made.

19 U.S.C.A., section 1501, as amended, provides in pertinent part as follows:

(a) . . . The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

The first question which must be decided is whether the letter of July 14, 1955, sent by Volkart Brothers, Inc., to the collector of customs is sufficient

as an appeal for a reappraisement within the terms of section 1501, *supra*. The next question, dependent upon the answer to the first, is whether the alleged liquidation of September 24, 1955, is illegal and void.

An appeal for a reappraisement is an importer's pleading in a reappraisement proceeding. Therefore, in considering the sufficiency of the letter as such an appeal it must be borne in mind that the courts in customs cases have consistently given to pleadings a liberal construction and looked to substance rather than form to the end that importers should not be denied their day in court because of technical objections such as refined niceties in form or in word selections in pleadings. It has been expressly held that "strict rules of construction are not applicable to protests," which are the pleadings in a classification proceeding, "and it is sufficient if the importer indicates distinctly and definitely the sources of his complaint and his desire to make it the foundation of a claim against the Government." *The George C. Whitney Co.* v. *United States*, 16 Ct. Cust. Appls. 301, 303, T.D. 42874.

That this is equally true with regard to appeals for reappraisement is evidenced, we think, by the case of *United States* v. *C. J. Tower & Sons*, 24 C.C.P.A. (Customs) 456, 460, 461, T.D. 48912, overruling the claim of the Government that certain appeals were insufficient because they raised no dumping question, where the court stated, in the course of its decision:

In considering the sufficiency of the notice of appeal to reappraisement, it must be borne in mind that the proceeding is purely statutory and that the statute does not prescribe any form for such appeal. . . .

. . . . . . .

In the case of *Larzelere & Co.* v. *United States*, 5 Ct. Cust. Appls. 510, T.D. 35154, this court, construing the language of subsection 13 of section 28 of the 1909 tariff act (which was in principle the same as the language of section 501 of the Tariff Act of 1922 above quoted) held, in effect, as is stated in the case of *United States* v. *Loeb & Schoenfeld Co.*, 7 Ct. Cust. Appls. 380, 384, T.D. 36961, that all that is required of the collector in order to perfect his appeal is that he should deem the appraisement too low and, within the time prescribed, transmit the invoice and all the papers appertaining thereto to the Board of General Appraisers. Since the statute makes no distinction as to pleadings between the collector and the importer in appeals to reappraisement, the rule announced there would seem to be applicable here.

It is not seen, therefore, why the failure to refer to "dumping duties" in the notices of appeal in the cases here involved renders such notices "insufficient as a matter of law." *They were sufficient to advise the court that appellees were dissatisfied with the appraisement*, that is, with the value found by the local appraiser. . . . [Emphasis supplied.]

Though the factual situation was somewhat different, the language of the statute governing reappraisement appeals in the foregoing case and that of the instant case is substantially the same. Construed liberally, we think the Volkart letter responds to the requirements of the statute, as they are interpreted in the *Tower* case, *supra*, and it is our opinion that the letter is sufficient as an appeal for a reappraisement. It refers to the particular entry, it identifies the merchandise to which it relates, and is in response to the notice of appraisement issued by the collector. It is admitted that it was timely. Upon reading the letter, both the collector and the court would be advised that the importer *was dissatisfied with the value found by the local appraiser*, since that fact is implicit therein, and that which is plainly implied in a pleading is as much a part of it as what is expressed. *In re East Contra Costa Irr. Dist.*, 10 F. Supp. 175.

There is nothing specific in the record to enlighten the court as to the reason why the collector did not consider the letter as a notice of appeal. Counsel for the defendant made no argument at the trial, and, subsequent to the submission of the plaintiff's brief, filed a statement with the papers stating that

"upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above-entitled case."

Admittedly, it is possible that the language "it is our intention to appeal," in plaintiff's letter, could convey to a reader the idea that the indicated action was contemplated in the future. However, we do not think that such a conclusion is compelled by the language. For example, one of the meanings of and synonyms for intention is "purpose." Looking at the statement in context and construing it as if it read "it is our purpose to appeal the decision that the appraised value exceeds the entered value," we do not think the idea of contemplated rather than present action is conveyed thereby. Though it is evident that more appropriate phraseology might have been employed, we have said that the best form of expression in pleadings is not required.

In two New York cases, cited by counsel for plaintiff, the court found language very similar to that in the instant case sufficient as a valid notice of appeal from an order denying a motion for a new trial. See *Pfeffer* v. *Buffalo Ry. Co.*, 24 N.Y. Supp. 490, and *Taylor* v. *Smith*, 49 N.Y. Supp. 41. Section 1300 of the Code of Civil Procedure, which required written notice to the effect that appellant appeals from a judgment or order, was involved in both cases. In the *Pfeffer* case, the language, which was included in a notice of appeal from the judgment, was:

. . . And *appellant intends* to bring up for review, upon such appeal, the order dated the 25th day of October, 1892, denying defendant's motion for a new trial herein on the judge's minutes. [Emphasis supplied.]

The court overruled the claim that defendant had not appealed from the order denying the motion for a new trial, and pointed out that no particular form of language was requisite, and it was sufficient if the words used were, in effect, a notice that the order was sought to be reviewed.

In *Taylor* v. *Smith, supra*, the court found the statement "And it is *the intention of the appellant* herein to bring up for review before this court the order denying appellant's motion for a new trial, . . ." [emphasis supplied] sufficient as a notice of appeal under section 1300, Code of Civil Procedure.

The liquidation of an entry during the pendency of an appeal to reappraisement is not merely voidable but is absolutely null and void. *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T.D. 36967; *United States* v. *European Trading Co.*, 26 C.C.P.A. (Customs) 103, C.A.D. 1.

In *Stubbs* v. *United States, supra*, the court pointed out that, page 403:

. . . while it is true that the statute does not in terms prohibit the collector from liquidating an entry while an appeal to reappraisement is pending, such a prohibition is necessarily implied by its general provisions and intendment. . . . To hold otherwise would be to say that the collector might oust the appellate appraisers in any given case by the simple process of liquidating the entry notwithstanding the pendency of the appeal.

. . . the attempted liquidation in question was not simply voidable but that it was absolutely null and void. That is to say, the collector possessed no statutory power or authority at the time to make any liquidation or settlement of the duties accruing upon the merchandise in question. . . . His action was consequently void, . . . .

In *United States* v. *European Trading Co., supra*, where the legality of a liquidation made prior to the expiration of the time to appeal from the decision of the appellate division of the Customs Court was in question, the court said, page 108:

. . . until there was a decision upon appellee's appeal to reappraisement which had become final and conclusive, said appeal to reappraisement was pending; there was no final appraisement of the merchandise involved, and the collector had no jurisdiction whatever to liquidate the entries. Therefore his liquidations were null and void, not merely voidable, . . . .

Therefore, the second question in this case, that is, whether the alleged liquidation of the entry, made on September 24, 1955, is null and void must be answered in the affirmative. We have found that the Volkart letter (exhibit 2) constitutes an appeal for reappraisement, and that the appeal was timely filed with the collector, as required by statute. The appeal has not been perfected to this court, but through no fault of the plaintiff. The liquidation was made by the collector during the pendency of the appeal and is, consequently, null and void and of no effect. *Stubbs* v. *United States* and *United States* v. *European Trading Co.*, *supra*. It follows that the protest filed herein is premature and, for that reason, must be dismissed without prejudice as untimely. It is the duty of the collector to forward the plaintiff's appeal for reappraisement, together with the entry and accompanying papers, to the United States Customs Court for its decision, as required by 19 U.S.C.A., section 1501, as amended, *supra*. Inasmuch as all of the papers necessary for a consideration by the United States Customs Court of the appeal to reappraisement are presently filed with the court, having been sent here by the collector in this proceeding, it is not deemed necessary to send the papers back to the collector with an order that they be forwarded by him to the Customs Court; and the court will regard that as done which ought to be done, and hereby remands the case to a single judge for reappraisement.

Judgment will be rendered accordingly.

### CONCURRING OPINION

DONLON, Judge: I arrive at the result reached by my colleagues. I come there by a somewhat different route and it seems advisable to point out briefly what the chief points of difference are.

In my view, jurisdiction of this court is not invoked by a protest claim that the collector has failed to do something he ought to have done. In a recent decision, this division held that where complaint was that the collector did not exact an internal tax on imported oil, that issue was not before us. *Asiatic Petroleum Corps et al.* v. *United States*, 43 Cust. Ct. 252, C.D. 2137.

Our jurisdiction here derives not from something the collector did not do, but from something he did, namely, liquidation of an entry of merchandise.

I concur with the majority that this liquidation was void. It was void because there was, at the time of liquidation, no valid or effective appraisement of the entered merchandise. The appraisement on which the collector relied in liquidation was then invalid, that is, it was without force or effect because there was pending an appeal to reappraisement. Indeed, I know of no basis on which this liquidation can be held void, save that there was no effective appraisement at the time of liquidation.

It is the peculiar nature of the jurisdiction conferred by Congress on the court in appraisement matters, as has often been pointed out, that the appraiser's valuation ceases to be effective when the court acquires jurisdiction. It is not merely suspended during litigation. It is the duty of the court in such a case to appraise the merchandise. The court may find a new value, or it may find the same value which the appraiser earlier found. In the latter event, as in the former, it is the value which is found by the court that constitutes the appraisement of the involved merchandise.

When appraisement is suspended and when appraisement is vacated, is an issue that has been before our appeals court. The distinction laid down is that when the trial court lacks jurisdiction in reappraisement, it cannot be said that the appraisement was vacated, for when it has been determined that there was no valid appeal, the appraiser's appraisement becomes at once vital and effective. *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382.

That is the well-established rule in such a case. That is not the case here. We have held that the court does have jursidiction in reappraisement, because timely appeal was filed. This finding of jurisdiction in reappraisement requires the trial judge *de novo* to determine the value of the merchandise.

Congress has prescribed a clear legal remedy in such a case as this. Section 2636(d), United States Judicial Code. Where there is an adequate legal remedy, it is axiomatic that there can be no resort to equity.

It remains to point out, in order to obviate misunderstanding, that plaintiff's reliance in his brief on *Nozaki Bros., Inc., et al.* v. *United States*, 41 Cust. Ct. 245, C.D. 2048, is confusing. In the *Nozaki* case, there was no question but that there had been valid appraisement of the merchandise at the time of the collector's liquidation. Here, there was not a valid appraisement effective at the time when the collector liquidated. The situations are so different in their legal nature and possible consequences as to make citation of carefully excerpted language from *Nozaki* both inapt and misleading.

The liquidation is void because the appraisement on which the collector relied was then invalid, having been vacated by timely appeal to reappraisement still pending. Pursuant to section 2636(d) of the Judicial Code, the matter must be remanded to a single judge in reappraisement to determine the proper dutiable value of the merchandise.