(C.D. 2843)

KANEMATSU NEW YORK, INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided December 7, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The protest herein has been submitted to the court for decision upon a stipulation which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the respective parties:

1. That the merchandise the subject of the instant protest consists of ball bearings imported from Japan which were duly entered for consumption as follows:

| Entry No. | Date |
|---|---|
| 814135 | 10/24/60 |
| 801326 | 10/8/62 |
| 809817 | 10/15/62 |
| 817578 | 10/22/63 |

2. That the merchandise the subject of the entries noted above, was thereafter appraised by the Appraiser for the Port of New York and Notices of Appraisement (Customs Form 4301) were forwarded to Kanematsu New York, Inc., between March 6, 1964 and March 9, 1964.

3. That thereafter, and within 30 days of the issuance of the Notices of Appraisement relating to the entries noted above, the Collector of Customs for the Port of New York received a letter from Kanematsu New York, Inc., relating to the entries the subject of protest herein, and that such letter was treated by the Collector as a claim for relief under Section 520(c)(1), Tariff Act of 1930. That the original of the letter is contained in the official court papers and may, subject to the approval of the Court, be received in evidence without being marked.

4. That thereafter, by letters dated April 22, 1964, the Collector advised Kanematsu New York, Inc. that the Appraiser had reconsidered the appraised value of the imported merchandise and that he adhered to his original return. Copies of these letters are contained in the official Court papers, and may, subject to the approval of the Court, be received in evidence without being marked.

5. That within sixty days after mailing of the letters referred to in paragraph 3 [sic] above, Kanematsu New York, Inc., by its attorney, protested the decision of the Collector in treating the letter from Kanematsu New York, Inc. under date of April 3, 1964 as a claim under Section 520(c)(1), Tariff Act of 1930.

6. That thereafter, between December 22, 1964 and January 6, 1965, the subject entries were liquidated by the Collector.

7. That it is the plaintiff's sole claim herein and it is conceded by the defendant that the instant protest was premature, having been filed prior to liquidation, that the letter referred to in paragraph 2 [sic] above constituted a valid appeal for reappraisement of the subject entries, and that the ensuing liquidations were null and void.

8. That the issues of fact and law herein are similar in all material respects to *J. V. Whitaker, et al* v. *United States*, 43 Cust. Ct. 437, Abs. 63621, the record in which may be incorporated herein and made a part hereof.

9. That the protest be deemed submitted on this stipulation.

Accepting this stipulation as evidence of the facts and upon the authority of the case cited therein, we hold that the claim in the protest

herein that the plaintiff's letter to the collector under date of April 3, 1964, is a timely appeal for reappraisement is sustained, and further, that the subsequent liquidation of the entries covered by said appeal for reappraisement was and is premature, illegal and void. Therefore, the matter is remanded to a single judge of this court to determine the proper dutiable values of the involved merchandise in the manner provided by law.

Judgment will be entered accordingly.