LARZELERE & Co. *v.* UNITED STATES (No. 1412).[1]

1. APPEALS.

Appeals are regulated or denied by statute and the determination of the tribunal of a question of law or fact is final unless an appeal be authorized either by the organic law or some effective statute.

2. APPEAL TO REAPPRAISEMENT BY COLLECTOR.

The review of legislation affecting a collector's right to "appeal" to reappraisement reveals no statutory method governing him in making his appeal; but viewing this legislation as a whole it is *held* that it is an appeal if he complies with the regulation authorizing him, if he is dissatisfied with the appraisement, he may and shall transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers. The transmission by a collector of another port by mailing is a compliance with the statute.

United States Court of Customs Appeals, February 12, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35421 (T. D. 34416).

[Affirmed.]

*Albert H. Washburn* and *J. Stuart Tompkins* for appellant.
*Bert Hanson,* Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The question presented in this case is, What action must be taken by the collector to perfect an appeal to reappraisement from the decision of a single general appraiser? As will be seen, the statute is obscure and difficult of interpretation.

A history of the statute from its origin in the act of June 10, 1890, may aid in a solution of the question. By section 13 of the act of 1890 it is provided:

If the collector shall deem the appraisement of any imported merchandise too low he may order a reappraisement, which shall be made by one of the general appraisers, or, if the importer, owner, agent, or consignee of such merchandise shall be dissatisfied with the appraisement thereof, and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise, he may, within two days thereafter give notice to the collector, in writing, of such dissatisfaction, on the receipt of which the collector shall at once direct a reappraisement of such merchandise by

----

[1] Reported in T. D. 35154 (28 Treas. Dec., 247).

one of the general appraisers. The decision * * * of the general appraiser in cases of reappraisement shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, owner, consignee, or agent of the merchandise shall be dissatisfied with such decision, and shall, within two days thereafter give notice to the collector in writing of such dissatisfaction, or unless the collector shall deem the appraisement of the merchandise too low, in either case the collector shall transmit the invoice and all the papers appertaining thereto to the board of three general appraisers, which shall be on duty at the port of New York, * * *.

It will be noted that neither the notice required to be given by the importer nor the action to be taken by the collector is referred to in this statute as an appeal, but the Customs Regulations of 1908 (art. 894), provides that—

If the importer, owner, consignee, or agent of the merchandise be dissatisfied with the appraisement, he may appeal for reappraisement if he has complied with the legal requirements in respect to entry and appraisement. This appeal may be brought by filing a notice of dissatisfaction in writing with the collector, on form catalogue No. 601, which notice must always be given before the end of the second official day on which the collector gave the notice prescribed in article 884. If the collector deem the appraisement too low, he also may appeal, which shall be done by ordering a reappraisement by a general appraiser.

Article 895 provides:

Appeals may be taken from reappraisements. either by the collector or by the importer, owner, consignee, or agent, in the same manner as prescribed for appeals from appraisements by local appraisers.

Article 896 provides:

On receipt of an importer's notice to the collector claiming reappraisement, or on an appeal made officially by himself, the collector shall promptly transmit all invoices and other papers pertaining to the reappraisement to the Board of United States General Appraisers at New York.

It will be noted that these regulations refer to the act of the collector in ordering a reappraisement as an appeal, and the action of the collector in securing a review by the board of three general appraisers is referred to as an appeal. All that was required by the collector to perfect this "appeal" to reappraisement was that he should deem the appraisement of merchandise too low, unless the additional requirement that he should transmit the invoice or invoices and all papers pertaining thereto to the board of three general appraisers should be a part of the act of appeal.

It was after the Treasury interpretation of these statutory provisions that the act of 1909 was enacted, and that statute should be construed with reference to this practice. This statute of 1909, subsection 13, section 28, provided:

If the collector shall. deem the appraisement of any imported merchandise too low, he may, within sixty days thereafter, appeal to reappraisement, which shall be

made by one of the general appraisers, or if the importer, owner, agent, or consignee of such merchandise shall be dissatisfied with the appraisement thereof, and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise, he may within ten days thereafter give notice to the collector, in writing, of such dissatisfaction. The decision of the general appraiser in cases of reappraisement shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, owner, consignee, or agent of the merchandise shall be dissatisfied with such decision, and shall, within five days thereafter, give notice to the collector, in writing, of such dissatisfaction, or unless the collector shall deem the reappraisement of the merchandise too low, and shall within ten days thereafter appeal to re-reappraisement; in either case the collector shall transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers, * * *.

Several points worthy of consideration in this connection will be noted: First, the action taken by the collector looking to re-reappraisement is here first spoken of in the *statute* as an appeal; and, secondly, it is here for the first time restricted as to time. Another thing is to be noted, and that is, that no machinery or method of appeal is pointed out, and nothing appears to indicate what action should be taken by the collector in perfecting his appeal, unless it be the transmission of the papers appertaining to the case. It would seem, therefore, to be a reasonable view that what the Congress intended by this act is that the affirmative action by the collector should be what was required under the act of 1890, namely, the transmission of the invoice and all the papers appertaining thereto to the Board of General Appraisers, and that the limitation as to time for the appeal would apply to *this* act of the collector.

Under this interpretation, if the collector shall, within 10 days from the time of appraisement by the single general appraiser, transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers for a re-reappraisement, he has done all that the statute in terms requires. If this be not the act required, the statute is, to say the least, vague and uncertain.

. Appeals are regulated or denied by statute. (2 Cyc., 537.) The determination by a tribunal of a question of law or fact is final unless an appeal be authorized either by the organic law or some effective statute. Waterman *v.* Bailey (111 Mich., 571). But to be effective the method of taking the appeal must be pointed out. Statutes are of two kinds, some prescribing that an appeal be taken by application to a reviewing body, as a court of appeals, and others requiring simply the filing of a claim of appeal with the determining tribunal. Neither the one method nor the other is pointed out in this statute, and this leads to the conclusion that the statute should be read as a whole, and if anywhere within its limits can be found any requirement indicating what act on the part of the collector is required to constitute the appeal, that method should be held to be the one intended. Now,

there is a requirement in this statute that the collector shall, in case he deems the appraisement of merchandise too low, transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers. It is more than a mere coincidence that this act of transmitting the papers to the Board of General Appraisers in a case of appeal from a reappraisement is precisely what was required of the collector under the act of 1890, and that it is this act which was referred to in the Customs Regulations as an appeal from reappraisement to be taken by the collector.

The requirement being that the collector shall transmit the invoice and papers to the Board of General Appraisers as the act of appeal, it would seem that if he performed all that is required of him within the 10 days he has perfected an appeal, even though the papers be not received in the regular course within the 10 days.

In the present case it appears that the papers were signed by the collector of the port of Philadelphia on the 8th day of October, 1912, and were transmitted to and received by the Board of General Appraisers on October 9, 1912. It is suggested that the evidence is silent as to when the papers were mailed, but we think that the date of signing, aided by the presumption of regularity of official proceedings, would be sufficient to indicate that the papers were mailed on the day of their execution.

The Board of General Appraisers has in one or two cases taken the view, under the statute of 1909, that the appeal of the collector is not perfected until the papers are actually received by the appraisers. This result appears to have been reached by finding an analogy between an appeal by the importer and that authorized to be taken by the collector. But the statutory provisions are quite unlike. The appeal of the importer can be perfected only by giving notice to the collector, and in the absence of anything in the statute indicating that service by merely mailing within that date would be sufficient, the requirement would seem to be clear enough that the notice must be in the hands of the collector within the 10 days. But such is not the language of the statute as it relates to the collector. As to his appeal, as before stated, there is no method pointed out for making an appeal except the transmission of these papers, and the transmission by a collector of another port than New York by mailing is, we think, a compliance with this statute. See Customs Regulations, 1908 (art. 1595 *et seq.*).

The Board of General Appraisers in the present case, while filing no opinion, held that such service was sufficient, and we think the decision should be *affirmed.*