UNITED STATES *v.* LOEB & SCHOENFELD CO. (No. 1744).[1]

1. APPEAL, NATURE OF.

It is elemental that parties litigant have no inherent right to an appeal. The remedy of appeal is a statutory right, and if there be no statute giving the right, there is no right.

2. CONSTRUCTION, SUBSECTION 29 OF SECTION 28, TARIFF ACT OF 1909—REAPPRAISE-MENT.

Subsection 29 of section 28, tariff act of 1909, does not contemplate any review by appeal of the action of the Board of General Appraisers sitting as a reappraisement board and is restricted to a review of their action as a classification board.

3. CONSTRUCTION, PARAGRAPH M, SECTION III, TARIFF ACT OF 1913—REAPPRAISE-MENT

Paragraph M, tariff act of 1913, confers ultimate and exclusive appellate jurisdiction to appraise upon the board of three general appraisers to which the case is assigned; and the decision of that body becomes, by the precise language of the statute itself, final and conclusive on all parties, and is not subject to review by appeal.

4. JURISDICTION—UNSIGNED APPEAL TO RE-REAPPRAISEMENT.

This court has no jurisdiction to review the action of the Board of General Appraisers in dismissing an appeal to re-reappraisement on the ground that the appeal was not signed.

United States Court of Customs Appeals, January 16, 1917.

APPEAL from Board of United States General Appraisers, Reappraisement 84295.

[Dismissed ]

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

*Sharretts, Coe & Hillis* for appellee.

---

1 Reported in T. D. 36961 (32 Treas. Dec., 78).

[Oral argument Oct. 17, 1916, by Mr. Hanson and Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

In this case, it appears from the record that certain merchandise imported at the port of New York was appraised by the local appraiser and that he found the market value thereof to be 16 per cent greater than that at which the goods had been entered by the importers. From the action of the local appraiser the importers duly appealed to reappraisement, and by virtue of the appeal so taken a reappraisement of the goods was made by General Appraiser Cooper, who sustained the entered value on March 6, 1916. On March 16, 1916, the invoice and other papers relating to the appraisement were transmitted to the Board of General Appraisers by the collector, together with the following document:

Reappraisement 84295.    Collector's appeal to re-reappraisement by a board of United States general appraisers.

*Entry No.* 78846.    *Reap. No.* 8406.

UNITED STATES CUSTOMS SERVICE,
*Port of New York, March 15, 1916.*

*To Board of United States General Appraisers, New York, N. Y.*

GENTLEMEN: I hereby appeal from a reappraisement by the United States general appraiser to a re-reappraisement by a board of United States general appraisers, in accordance with the provisions of paragraph M of section 3, act of October 3, 1913, upon certain cotton cloth imported by Loeb & Schoenfeld Co., in the steamship *New York*, entered 11/30/15.

Respectfully,

——— ———,
*Collector.*
E. J. A.

Requested by:

——— ———,
*Appraiser.*

*March 10, 1916.*

Received March 16, 1916.    Board of General Appraisers.

Apparently the matter was assigned to Board 1. At all events, the "re-reappraisement" of the goods was placed for consideration on the calendar of appeals of Board 1, sitting as an appraisement board, and notice of that fact was given to the Assistant Attorney General and counsel for the importer, who appeared on the day set for hearing. When the case was called counsel for the importer called the attention of the board to the fact that the paper filed by the collector as an appeal was not signed, and objected to any "re-reappraisement" of the merchandise on the ground that the board was without jurisdiction to proceed, inasmuch as no appeal had been taken. Board 1, sitting as an appraisement board, held that no appeal had been taken to "re-reappraisement" and returned all the papers to the collector without action, General Appraiser Brown

dissenting. From the decision of the board the Government appealed to this court, and now prays that the action of Board 1 be reviewed, and that such relief may be granted as seems just. The importers move that the appeal taken by the Government be dismissed, on the ground that this court has no jurisdiction of the questions involved in the appeal or to grant the relief prayed for.

Paragraph M, Section III, of the act of 1913 provides, among other things:

That the appraiser shall revise and correct the reports of the assistant appraisers as he may judge proper, and the appraiser, or at ports where there is no appraiser the person acting as such, shall report to the collector his decision as to the value of the merchandise appraised. * * * If the collector shall deem the appraisement of any imported merchandise too low, he may, within 60 days thereafter, appeal to reappraisement, which shall be made by one of the general appraisers, or if the importer, owner, agent, or consignee of such merchandise shall deem the appraisement thereof too high, * * * he may within 10 days thereafter appeal for reappraisement by giving notice thereof to the collector in writing. * * * The decision of the general appraiser in cases of reappraisement shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, owner, consignee, or agent of the merchandise shall deem the reappraisement of the merchandise too high, and shall, within five days thereafter, give notice to the collector, in writing, of an appeal, or unless the collector shall deem the reappraisement of the merchandise too low, and shall within 10 days thereafter appeal for re-reappraisement; in either case the collector shall transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers, to be by rule thereof duly assigned for determination. In such cases the general appraiser and boards of general appraisers shall proceed by all reasonable ways and means in their power to ascertain, estimate, and determine the dutiable value of the imported merchandise, and in so doing may exercise both judicial and inquisitorial functions. * * * The decision of the appraiser, or the person acting as such (in case where no objection is made thereto, either by the collector or by the importer, owner, consignee, or agent), or the single general appraiser in case of no appeal, or of the board of three general appraisers, in all reappraisement cases, shall be final and conclusive against all parties and shall not be subject to review in any manner for any cause in any tribunal or court, and the collector or the person acting as such shall ascertain, fix, and liquidate the rate and amount of the duties to be paid on such merchandise, and the dutiable costs and charges thereon, according to law; * * *.

That provision vests the appraiser, or person acting as such, the general appraiser, and the board of three general appraisers with the exclusive authority to appraise imported merchandise for customs purposes. It provides in specific terms just what appeals may be taken, and when those appeals have been taken no other appeal is allowed to this court, or for that matter to any other tribunal, in appraisement cases. Ultimate and exclusive appellate jurisdiction to appraise, therefore, is conferred on the board of three general appraisers to which the matter is assigned, and the decision of that body becomes, by the precise language of the statute itself, final and conclusive on all parties and is not subject to further review by appeal. It is elemental that parties litigant have no inherent right to an appeal. The remedy of appeal is a statutory right, and if there be no

statute giving the right, there is no right. Indeed, the right of appeal is so much a creature of statute that litigants, even in *pending* appellate proceedings may be abruptly deprived of all appellate relief by the rescission of the act granting the right. Sullivan *v.* Haug (82 Mich., 548, 555); Larzalere & Co. *v.* United States (5 Ct. Cust. Appls., 510; T. D. 35154); Railroad Co. *v.* Grant (98 U. S., 398, 401). From this it follows that whether the board of three general appraisers assumes jurisdiction as an appraisement board when it has none, or whether it declines to take the jurisdiction which the statute authorizes it to exercise, its action in the one case and its nonaction in the other can not be reviewed *by appeal* in the absence of a statutory provision permitting an appeal and clothing some tribunal with authority to hear and decide it. Of course, in a collateral proceeding a court having jurisdiction of the parties thereto and of the subject matter thereof may, as to any of the issues involved, refuse to be bound by the previous decision of some other tribunal or body, which decision such tribunal or body had no jurisdiction, power, or authority to render, but in that case it can scarcely be said that the prior decision has become nugatory as the result of a *review by appeal.*

Although section M, above cited, allows no appeal in reappraisement cases, it is nevertheless argued that this court has appellate jurisdiction in such cases as that here presented, because of the powers conferred upon it by subsection 29 of section 28 of the act of August 5, 1909, which established a United States Court of Customs Appeals. That subsection authorizes this court to review by appeal, first, final decisions by a Board of General Appraisers in all cases involving the classification of merchandise and the rate of duty imposed thereon under such classification, as well as the fees and charges connected therewith; second, all appealable questions as to the jurisdiction of said board; and, third, all appealable questions as to the laws and regulations governing the collection of the customs revenues. Neither the classification of merchandise, nor the rate of duty imposed thereon, nor the fees and charges connected therewith, is involved in this case, and consequently, as the appellants admit, the action of the board, if action it was, can not be reviewed by this court by virtue of the first provision of the paragraph. The Government contends, however, that the board of appraisers having refused to consider an appeal to "re-reappraisement" taken in accordance with law and regulations, a question as to the jurisdiction of the board and the application of the laws and regulations governing the collection of customs revenues has been raised and that therefore a review by appeal of the board's action or failure to act may be had by virtue of the second and third provisions defining the appellate powers of the Court of Customs Appeals. In our opinion, that contention can not be successfully maintained, inasmuch as it is hardly justified

by the language of the subsection on which the appellant relies and is decidedly at variance with the legislative intention elsewhere expressed.    Subsection 29 does not confer on this court the power to review *all* questions involving the jurisdiction of the board or the laws and regulations governing the collection of the customs revenues, but only such questions of jurisdiction and laws and regulations as are *appealable*.    As paragraph M of the act of 1913 makes the decision of the Board of General Appraisers in reappraisement cases final and conclusive against all parties, and not subject to review *in any manner for any cause in any tribunal or court,* it would seem that the exercise of jurisdiction by the Board of General Appraisers in reappraisement cases, and the application by that body of the rules and regulations in such cases can not be regarded as *appealable* questions.

We therefore conclude that subsection 29 of section 28 of the act of 1909 does not contemplate any review by appeal of the action of the Board of General Appraisers sitting as a reappraisement board and is restricted to a review of their action as a classification board. That conclusion is not only in accord with the very positive injunctions of paragraph M but is also in harmony with that part of subsection 29 providing for appeals by the importer and the collector, and reading as follows:

If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of *said* board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision.    (Italics ours.)

That provision, it will be noted, allows an appeal to the importer and collector when dissatisfied with the decision of the board as to the *classification* of merchandise and the rate of duty imposed thereon or when dissatisfied with any other appealable decision of *said* board. From that it is apparent that the decisions from which appeals may be taken are decisions, not of the reappraisement board, but of the board which determines the classification of the merchandise.

In Larzalere *v.* United States, *supra,* the question was raised as to what was necessary for the collector to do in order to perfect an appeal to reappraisement.    We held, Montgomery, Presiding Judge, speaking for the court, that all that is required of the collector in order to perfect his appeal is that he should deem the appraisement too low and within the time prescribed transmit the invoice and all the papers appertaining thereto to the Board of General Appraisers. Our intervention there was besought not by way of appeal from the reappraisement but through a protest claiming that the duties

were assessed on a void reappraisement and by an appeal from a decision overruling the protest and sustaining the collector, which decision was made by the Board of General Appraisers acting as a classification board. If our holding in Larzalere *v.* United States be sound, and we think it is, it would seem that in the present case the board of reappraisement failed to follow the laws and regulations governing appraisements, and that its failure has resulted in depriving the Government of a right to which it was entitled. That fact, however, does not justify our exercise of an appellate jurisdiction which the Congress has seen fit to withhold. And besides all that, the Government has a right to prescribe the terms upon which it will submit to the jurisdiction of the courts in the collection of its revenues, and the judicial department of the Government can intervene in such matters only within the limitations and under the conditions imposed. Auffmordt *v.* Hedden (137 U. S., 310, 324, 329).

The motion of the appellee to dismiss the appeal in this matter for lack of jurisdiction is granted.

*Dismissed.*