UNITED STATES *v.* C. J. TOWER & SONS (No. 4030)[1]

---

[1] T. D. 48912.

United States Court of Customs and Patent Appeals, March 22, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Daniel I. Auster* and *John F. Kavanagh*, special attorneys, of counsel), for the United States.
*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellees.

[Oral argument February 10, 1937, by Mr. Auster and Mr. Schwartz]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the United States Customs Court, Second Division, in a reappraisement proceeding, involving five cases consolidated for trial, the cases being appeals to reappraisement numbers 12357–A, 13289–A, 13290–A, 13292–A, and 13298–A.

The merchandise consisted of wheat flour imported from Canada in the latter part of 1922 and the early part of 1923. It was packed in bags, each bag, with the wheat flour content, weighing 140 lbs. The railway cars in which the shipments were made each contained from 250 to 500 bags. Under a provision of paragraph 729 of the Tariff Act of 1922 the merchandise was assessed with a specific duty of 78 cents per hundred pounds. This duty is not in controversy.

The controversy relates solely to appraisements made under a finding of dumping as expressed in T. D. 39071, 41 Treas. Dec. 176, issued April 22, 1922, pursuant to the Antidumping Act of 1921.

It was and is the claim of the importers that the appraisements under the antidumping act were void, and this claim was sustained by the single judge, sitting in reappraisement, from whose decision we quote the following excerpt:

Counsel for both parties conceded by oral stipulation in open court that no samples of the merchandise in these cases were drawn or retained by anyone; that no packages of the importations were designated by the collector for examination by customs officials; that no official examination packages were retained; and that certain affidavits required by regulations issued pursuant to the antidumping act be received in evidence. On the basis of the aforementioned facts conceded by counsel, I find that the appraisements in these cases are void as a matter of law, for the reason that the provisions of section 499 of the Tariff Act of 1922, governing the designation and examination of packages of imported merchandise, were not complied with by customs officers.

The single judge further said that, "The evidence introduced in the cases at bar is not sufficient to support a finding as to the correct values of these importations; and the papers must therefore be considered as still pending before the appraiser for valid appraisements," and rendered judgment that "the appraisements * * * are void as a matter of law, * * * and they are hereby vacated and set aside."

The Government appealed in conformity with the statute, and the Appellate Division of the Customs Court sustained the holding of the single judge as to the appraisements being void, but held it to have been error in the decision of the single judge to declare that "the papers must therefore be considered as still pending before the appraiser for valid appraisement," saying, in effect, that since the collector failed to designate packages for examination in conformity with the statute, and since the merchandise was released and no samples retained prior to appraisement, the local appraiser had no basis upon which to make a valid appraisement and, therefore, no valid appraisement can now be made. The judgment of the appellate division provided that, "this cause be remanded to the court below for action in conformity with this decision."

In the appeal to this court there are seventeen assignments of error by the Government. Many of these are repetitions of the same idea, or ideas, in differing phraseology. We think the material allegations, for consideration here, as presented by the assignments may be stated briefly to be, (a) whether the appeals to reappraisement were filed by the proper party; (b) whether the appeals were sufficient to raise the question of validity, and (c) whether the appraisements were void for the reasons stated by both the trial court and the appellate division.

It may be said that error is assigned as to the "finding and holding that at the time of importation one package out of every ten bags in the carloads of flour here involved were not designated for examination by the collector." There is substantial evidence in the record

to sustain the finding below upon this question, and that finding is binding upon us.

The Government contends that the matters involved in the first two points, as above stated, presented questions of jurisdiction and should have resulted in an order sustaining its motion to dismiss the appeals for lack of jurisdiction.

Its contention as to the first point is, in substance, that the trial judge had no jurisdiction because the appeals to reappraisement were not made by a real party in interest, or by one shown to be an authorized agent of such party. In each of the five cases the appeal to reappraisement was taken by C. J. Tower & Sons, the appellees, who made all the entries, and, in at least three of the cases, the brief on behalf of the Government states that appellees were the consignees, and the invoices in those cases show this to be a fact. Certainly as to these three cases there can be no question of the right of appellees to take the appeals to reappraisement. The statute, section 501, Tariff Act of 1922, expressly provides for the filing of appeals "by the consignee, or his agent," and nowhere refers to the "real party in interest."

As to the other two cases, the invoices do not show the consignees, but, as has been stated, the entries were made by appellees whose agency for that purpose we must presume was accepted by the collector. It is noted that the appeal to reappraisement 12357–A bears the notation "C. J. Tower & Sons (Levenson & Shevelor)" and reappraisement 13292–A bears the notation "C. J. Tower, Petersborough, Cereal Flour." The invoice in the first of these cases gives "Levenson & Shevelor" as the purchasers and "Peterboro Cereal Co." (of Canada) as the seller. The invoice in the latter case gives "S. Levenson" as the purchaser and "Peterboro Cereal Co., Ltd.", as the seller. On the entry sheets filed by appellees in both cases there is a notation "consigned for delivery."

Counsel for the Government direct attention to an affidavit of an official of the Peterboro Cereal Co. in which, referring to the two last-named cases (and seemingly to some other cases not involved in this appeal), it was said:

That the Peterboro Cereal Company is the real party in interest in said reappraisements and is liable for any increased and additional duties that may be due.

It is argued from this that the appeals being by C. J. Tower & Sons, and no express agency to take said appeals being shown, they were not in the name of the real parties in interest. Obviously, the statute does not require that appeals to reappraisement be filed by "the real party in interest." We may take judicial notice of the fact that in a majority of the cases which reach this court it is the practice for both protests and appeals to reappraisement to be prosecuted in the names of the customs brokers. In the instant case appellees in entering the

merchandise became liable to the Government, and doubtless would be liable upon their bond for any additional duties found to be due, whatever their ultimate rights for reimbursement, or payment, by those for whom they made the entries might be. It is unreasonable to suppose that the collector would look to or depend primarily upon the foreign shipper of the merchandise for such payment, under the facts here appearing.

Upon the record as recited, we think the right of appellees to take the appeals in all the cases sufficiently appears. The case is clearly distinguishable from that of *United States* v. *F. L. Kraemer & Co.*, 17 C. C. P. A. (Customs) 448, T. D. 43879, cited by the Government. Certain of the reasoning in the case of *Frederick Richards* v. *United States*, 24 C. C. P. A. (Customs) 243, T. D. 48670, is apposite.

Upon the second issue above stated, it is argued on behalf of the Government that the appeals raise no question of dumping and, as pleadings, are insufficient as a matter of law. In our opinion this does not raise a jurisdictional question.

In the Government's supplemental brief, filed by leave of the court, there is quoted as being typical of all the appeals the text of the notice given the collector in appeal to reappraisement 12357–A, as follows:

As we consider the appraisement made by the United States Appraiser too high on 255 barrels wheat flour imported by C. J. Tower & Sons in the Michigan Central R. R. from Peterborough, Ontario, we have to request that the same may be reappraised pursuant to the law, with as little delay as your convenience will permit.

Upon an examination of the notices filed with the collector in the other four cases, we find that the foregoing is not strictly typical of all. It differs in language, although, as we view it, not in material meaning, from each of the others, as will be observed by reading that filed in appeal to reappraisement 13289–A, which *is* typical of the last four. It reads:

As we are dissatisfied with the appraisement made by the United States Appraiser on flour, covered by the above numbered entries, imported by us in the G. T. R. R. Cars 132288 CP, 83242 CVR, 40561 PRR, and 93320 CPR from Canada, we have to request that the same may be reappraised, pursuant to the law, and that a finding be made on reappraisement, that any difference that may be found to exist between the invoice prices and the market value is due to difference in quantities or to dates of sales and shipments or both.

In considering the sufficiency of the notice of appeal to reappraisement, it must be borne in mind that the proceeding is purely statutory and that the statute does not prescribe any form for such appeal. The pertinent portion of section 501 of the Tariff Act of 1922 reads:

REAPPRAISEMENT.—The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the

date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney * * *.

That which is sought in an appeal to reappraisement, whether the appeal be taken by the collector or by the importer, is, in effect, a review of the *value* found by the local appraiser. Under the Tariff Act of 1922 there was no provision in the statute that the presumption of correctness should attach to the local appraiser's finding, and the reappraisement proceeding before the single judge was one *de novo*, the sole purpose being to find the value of the merchandise. *Downing & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243.

In the case of *Larzelere & Co.* v. *United States*, 5 Ct. Cust. Appls. 510, T. D. 35154, this court, construing the language of subsection 13 of section 28 of the 1909 tariff act (which was in principle the same as the language of section 501 of the Tariff Act of 1922 above quoted) held, in effect, as is stated in the case of *United States* v. *Loeb & Schoenfeld Co.*, 7 Ct. Cust. Appls. 380, 384, T. D. 36961, that all that is required of the collector in order to perfect his appeal is that he should deem the appraisement too low and, within the time prescribed, transmit the invoice and all the papers appertaining thereto to the Board of General Appraisers. Since the statute makes no distinction as to pleadings between the collector and the importer in appeals to reappraisement, the rule announced there would seem to be applicable here.

It is not seen, therefore, why the failure to refer to "dumping duties" in the notices of appeal in the cases here involved renders such notices "insufficient as a matter of law." They were sufficient to advise the court that appellees were dissatisfied with the appraisement, that is, with the value found by the local appraiser. It was not incumbent upon appellees to allege in their notice the values claimed by them. That question had to be ascertained and returned by the single judge sitting in reappraisement, proceeding under the provisions of section 501 of the Tariff Act of 1922, utilizing the papers, samples, etc., forwarded by the collector plus any competent evidence presented at the trial, if the merchandise could legally be appraised.

It may be further said that in the instant case, since there was no complaint (and probably could have been none in a reappraisement proceeding as to the values found by the local appraiser, so far as the regular duties—wholly specific—levied under the Tariff Act of 1922, were concerned, it seems clear that the appeals for reappraisement necessarily relate only to the values returned under the finding of dumping. We think the notices of appeal constituted pleadings entirely sufficient to meet the requirements of the statute.

The question respecting the validity of the appraisement by the local appraiser was raised by formal motion of counsel for appellees, after testimony had been taken and a record made up from which it was found by both judicial tribunals below that the collector had failed to designate any packages of the importations for examination by customs officials, as required by section 499 of the Tariff Act of 1922; that no samples were drawn, and that no official examination packages were retained.

*C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943, is the principal authority relied upon by appellees and by the single judge as to this phase of the controversy. The merchandise in that case consisted of wheat flour imported from Canada under the 1913 tariff act by the provisions of which it was entitled to free entry. The importations were made, however, subsequent to the effective date of the Antidumping Act of 1921, and subsequent to the finding of dumping set forth in T. D. 39071, heretofore alluded to. Appraisement was made under the latter act and dumping duties assessed. The importers there seem to have appealed to reappraisement but the appeals were dismissed for some reason not here important, and so they protested the liquidation, alleging, among other things, that the appraisements were void for substantially the same reasons alleged as to the appraisements here at issue. Certain of the protests were sustained upon that ground by the appellate division below, and this court affirmed the judgment so far as it related to cases in which one package out of ten was not designated by the collector and in which the appraiser did not at any time have before him for examination, samples of the flour.

Under the tariff act of 1913, procedure in appraisement cases, so far as here relevant, was governed by R. S. 2901. This section was repealed by section 642 of the Tariff Act of 1922, being superseded by section 499 of the latter act, which, so far as here pertinent, contained the substance of R. S. 2901.

In our decision in the *Tower & Sons* case, *supra*, it was pointed out, with citation of authorities, that:

We have held, uniformly, that under the provisions of section 2901, Revised Statutes, with certain exceptions, the mandatory duty was imposed upon the collector to designate at least one package of every ten packages of merchandise to be opened, examined, and appraised, and to be sent to the public stores for such examination and for the local appraiser to examine the same and retain samples. * * *

After finding that the statutory requirement had not been complied with, and that the record disclosed nothing to justify a holding that the merchandise came within any of the exceptions to the section, we said further:

There having been no valid appraisement of the goods in question by the local appraiser, and no ascertainment of foreign-market value or cost of pro-

duction by the local appraiser, under said section 202 (a) [of the antidumping act], it follows that no ascertainment of the special dumping duty, provided for by said section, could be made.

An examination of the briefs filed on behalf of the Government in that case discloses that the briefs filed in the instant case contain restatements of numerous contentions there made, but in the instant case there is presented one theory which was not there presented and not discussed in our decision.

This theory is to the effect that it was not the intent of Congress that the conditions of section 499 of the Tariff Act of 1922, as to designation of packages by the collector and the taking, examining, and retaining of samples, should mandatorily apply to appraisements made under the Antidumping Act of 1921.

In support of this contention, it is argued, in substance, that a reappraisement proceeding in a dumping case brought under the antidumping act and a reappraisement proceeding brought under a tariff act are governed by entirely different theories of law; that in a dumping case the importer's sole aim is to show that merchandise similar to that which is the subject of its appeal is not being sold either for consumption in the country of origin, or for export to the United States, or other foreign countries, at a price greater than the entered value; that the appraiser's duties in a dumping case and the procedure he must follow are each provided for and controlled by the provisions of the antidumping act; that the differences in basis of appraisement under the tariff act and under the antidumping act are pronounced (citing *Kean* v. *United States*, 20 C. C. P. A. (Customs) 388, T. D. 46186), and arguments of like purport.

These arguments have received our respectful consideration and earnest thought, but we are unable to reach the conclusion which they are advanced to support, either upon any authority cited or upon reason. The differences in the nature of the two kinds of appraisements are recognized, but the fact remains that in both instances there *must be appraisements.* We are unable to find any language in the antidumping act itself which seems to indicate that Congress intended to eliminate the provisions of R. S. 2901, stating the conditions precedent for making appraisements. Neither do we find anywhere in the Tariff Act of 1922 language which seems to us to justify the contention that Congress intended that the conditions precedent to a valid appraisement under the tariff act should not be complied with in making appraisements under the antidumping act.

Suppose the regular duties in the instant case had been ad valorem rather than specific. It seems clear that, unless a consistent line of decisions of this court were overruled, the appraisement upon which the amount of such regular duties would have been based would have been held void if contested. *United States* v. *V. W. Davis, Sinai*

*Kosher Sausage Factory*, 20 C. C. P. A. (Customs) 305, T. D. 46087. It would be an incongruous situation, to say the least of it, to hold that appraisement void and at the same time hold the appraisement for the dumping duties valid under precisely the same state of facts.

The foregoing covers what we regard as the essential issues raised by the assignments of error presented in the case, and our conclusion upon those points consequently is decisive of the case. There is, therefore, no necessity for discussing incidental and collateral matters suggested in the Government's brief, or of responding to such arguments therein as are mere rearguments of questions upon which we have heretofore passed, a number of them in the *Davis, Sinai Kosher Sausage Factory* case, *supra*.

In the case of *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126, this court held that, under the statute, it is the duty of the single judge upon an appeal to reappraisement, and the duty of the appellate division upon appeal to it, to find value in all cases in which appraisement is required and *in which the elements are present that enable appraisement.* It was recognized that in some cases such elements might not be present and that because of this an anomalous situation must result, which, it may be here added, the courts cannot remedy, however regrettable it may appear. The *Davis, Sinai Kosher Sausage Factory* case, *supra*, was cited as illustrative of such a case. That situation, as the appellate division points out, exists here.

That there can now be no appraisement of the merchandise in conformity with the statute is evident. In consequence, we think the appellate division rendered the correct judgment and the same is *affirmed.*