## F. F. G. HARPER CO. A/C SPROUSE REITZ CO. *v.* UNITED STATES

**No. 4970.**—Invoice dated Nagoya, Japan, November 1, 1930.
Certified November 4, 1930.
Entered at San Francisco, November 20, 1930.
Entry No. 8575.

(Decided July 9, 1940)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of white chinaware imported from Nagoya, Japan, the date of the certification of the invoice being November 4, 1930. On the entry the importer added an amount to meet an advance by the appraiser in a test case, covering transportation tax and inland freight charges, and the merchandise was appraised on the entered value.

When the case was called for trial, counsel for the plaintiff called the customs examiner who testified that he examined but two cases in the shipment and no further evidence was submitted. An examination of the entry shows that the shipment consisted of forty cases of goods.

Counsel for the plaintiff contends in his brief that the appraisement is void because the appraiser failed to examine 10 percentum of the shipment, as directed by section 499 of the Tariff Act of 1930, and that the court should find the invoice value of the merchandise to be the dutiable value thereof, citing *United States* v. *Northam Trading Corp.*, 2 Cust. Ct. 877, Reap. Dec. 4537; *United States* v. *C. J. Tower & Sons*, 24 C.C.P.A. 456, T. D. 48912; *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459, T. D. 39534.

The decisions cited are ample authority for holding that the appraisement in this case was void but how can such a decision be available in securing lower duties for the importer? The appraiser made no advance in value, and, even if his appraisement is set aside, the collector will be bound to liquidate the entry on the entered value by the provisions of section 503 (a) of the Tariff Act of 1930 wherein it is provided that "the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher."

The plaintiff introduced no evidence respecting the foreign or export value of the merchandise covered by the importation. In the case of *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. 184, T. D. 47126, the court held that it is the duty of the trial court to find value in all cases "in which appraisement is required and in which the elements are present that enable appraisement". In reviewing the case the court recited the duties of the Appellate Division of the United States Customs Court as follows:

If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be insufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, as the division may determine.

I find that the appraisement made by the appraiser was void because he did not examine 10 per centum of the shipment, but inasmuch as the record fails to establish all the elements necessary for appraisement of the goods, the appeal is hereby dismissed.