F. F. G. Harper Co., a/c Sprouse Reitz Co. *v.* United States,

No. 4979.—Invoice dated Nagoya, Japan, July 28, 1931.
        Entered at San Francisco, August 22, 1931.
        Entry No. 2512.

(Decided July 11, 1940)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of decorated porcelainware imported from Nagoya, Japan, the date of certification of the invoice being July 28, 1931. On entry the importer added an amount to the value of the packing charges to meet an advance made by the appraiser in a test case and the merchandise was appraised at the entered value.

When the case was called for trial, counsel for the plaintiff called the customs examiner who testified that he opened and examined but two cases in the shipment and no further evidence was submitted. An examination of the entry shows that the shipment consisted of eighty cases of merchandise.

Counsel for the plaintiff contends that the appraisement is void because the appraiser failed to examine 10 per centum of the shipment, as directed by section 499 of the Tariff Act of 1930, and that the court should find the invoice value of the merchandise to be the dutiable value thereof, citing *United States* v. *Northam Trading Corp.,* 2 Cust. Ct. 877, Reap. Dec. 4537; *United States* v. *C. J. Tower & Sons,* 24 C. C. P. A. 456, T. D. 48912; *McKesson & Robbins* v. *United States,* 11 Ct. Cust. Appls. 459, T. D. 39534.

The decisions cited are ample authority for holding that the appraisement in this case was void but how can such a decision be available in securing lower duties for the importer? The appraiser made no advance in value, and, even if his appraisement is set aside, the collector will be bound to liquidate the entry on the entered value by the provisions of section 503 (a) of the Tariff Act of 1930 which provide that "the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher."

The plaintiff introduced no evidence respecting the value of the merchandise covered by the importation. In the case of *United States* v. *F. W. Woolworth Co. et al.,* 22 C. C. P. A. 184, T. D. 47126, the court held that it is the duty of the trial court to find value in all cases "in which appraisement is required, and in which the elements are present that enable appraisement." In reciting the duties of the Appellate Division in reviewing the judgment of the single judge, the court said:

If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be insufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, as the division may determine.

I find that the appraisement made by the appraiser was void because he did not examine 10 per centum of the shipment but inasmuch as the record fails to establish all the elements necessary to enable appraisement of the goods, the appeal is hereby dismissed.