JAKE MOSKOWITZ *v.* UNITED STATES

**No. 4583.**—Invoice dated Kobe, Japan, December 20, 1937.
Entered at Wilmington, N. C., February 6, 1938.
Entry No. 23.
(Decided May 29, 1939)

*Emmett H. Bellamy* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: This is an appeal for reappraisement of certain stenciled straw matting rugs imported from Japan and entered at the port of Wilmington, N. C.

When the case was called for trial counsel for defendant moved for its dismissal on the ground it had not been filed within the time fixed under the provisions of section 501 of the Tariff Act of 1930. Said section 501, so far as pertinent, reads as follows:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

From an examination of the official papers it appears that the merchandise in question was entered on February 6, 1938, and was appraised on February 16 at the importer's premises at the entered value. Thereafter, and on March 4, the importer wrote a letter to the collector of customs at the port of entry stating that the shipment in question had been received in a damaged condition and requesting a refund of the duties paid to the extent of 35.025 per centum of the entire shipment.

It is further disclosed by the record before me that on March 7 the collector of customs at Wilmington, N. C., forwarded the said letter to the Commissioner of Customs at Washington, D. C., for necessary action; and that on May 3 the said official returned the same to said collector of customs with a letter stating that, since there was no proof showing that the damage to the instant shipment occurred at a time and under conditions which would make operative the provisions of section 563 of the Tariff Act of 1930, the Treasury Department was without power to grant relief, and instructed the said collector of customs to treat the importer's letter as an appeal for reappraisement and forward the same to this court.

Thereafter, and on May 6, the said letter was sent to this court where it was rejected as an appeal for reappraisement, the court, through the presiding judge, saying:

* * * you are advised that the Moskowitz letter is not an appeal to reappraisement within the meaning of section 501 of the Tariff Act of 1930. It simply asks for a refund of duty based upon a statement that the merchandise covered by an entry referred to therein after being delivered was found to be damaged There is no mention in it whatever of a desire for a review on appeal of the appraiser's valuation of the merchandise * * *.

Appeals to reappraisement are purely statutory and the statute prescribes no form for such appeals, but it is incumbent upon the plaintiff in such an action to advise the court that he is dissatisfied with the value found by the local appraiser and that he is seeking a reappraisement of his imported merchandise. *United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. 456, T. D. 48912. The letter filed by the plaintiff herein gave no indication that a reappraisal of the imported straw matting rugs was desired. I therefore adhere to the

previous action of the court and hold that the said letter of plaintiff did not constitute an appeal to reappraisement within the meaning of section 501, *supra.*

Later, and on June 18, 1938, or 122 days after appraisement of the instant merchandise, plaintiff filed an appeal for reappraisement on customs Form 4313. Since the said appeal was not filed within the time required under the provisions of section 501, *supra,* the motion of counsel for defendant is therefore granted and the appeal is dismissed. Exception to this ruling is hereby given plaintiff. Judgment will be rendered accordingly.