(Reap. Dec. 10428)

WILMINGTON SHIPPING COMPANY v. UNITED STATES

Entry No. 1160, etc.

(Decided January 14, 1963)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, trial attorneys), for the defendant.

RAO, Judge: When the cases listed in the schedule, attached to this decision and made a part hereof, were called for trial at the port of Wilmington, N.C., they were consolidated on motion of plaintiff. Counsel for defendant thereupon moved to dismiss the actions on the ground that the individual notices of appeal for reappraisement were untimely.

The merchandise in issue consists of plywood, shipped from England during the period between April and September 1959, by the United Plywood Co. of London, whose contract with the ultimate purchaser, either Thomason Plywood Corp. or Thomason Sales Co. of Fayetteville, N.C., provided for payment of duty by the exporter. It was consigned to the Wilmington Shipping Company who made entry thereof, for the account of the respective purchaser.

Following are the dates of appraisement and notices thereof in the various cases:

| Reap. No. | Date of appraisement | Date of notice |
|---|---|---|
| R60/6702 | 10/9/59 | 10/14/59 |
| R60/6703 | " | 10/16/59 |
| R60/6704 | " | 10/22/59 |
| R60/6705 | " | 10/19/59 |
| R60/6706 | " | 10/20/59 |
| R60/6707 | " | " |
| R60/6708 | " | " |
| R60/6709 | " | " |
| R60/6711 | 10/30/59 | 11/5/59 |
| R60/11250 | " | " |
| R60/11251 | " | " |

It appears from the official papers and evidence introduced in behalf of plaintiff in opposition to the instant motion that, during the month of September 1959, the appraiser at the port of entry forwarded to Thomason Plywood Corp. a "Notice of Probable Unpaid Duties or Taxes" (plaintiff's exhibit 1), covering each of the entries herein involved, indicating that appraisement would be made in accordance with purchase orders negotiated at or about the respective dates of exportation, and requesting that copies of new orders should be supplied at the time of entry.

Apparently in response to this notice, United Plywood Co., by letter, dated October 15, 1959, addressed to the appraiser at Wilmington (plaintiff's exhibit 2-A), requested clarification of methods of appraisement of merchandise imported into the United States.

In a letter, dated October 20, 1959 (plaintiff's exhibit 2-B), addressed to Thomason Plywood Corp., copies of which appear also to have been forwarded to United Plywood Co. and Wilmington Shipping Company, the appraiser explained, in detail, the basis and mechanics of appraisement, as related to the involved shipments.

In reply, United Plywood Co. sent the following letter, dated October 28, 1959 (plaintiff's exhibit 2-C), to the collector of customs at Wilmington, N.C.:

We are in receipt of the copy of the communication addressed by you to Thomason Plywood Corporation for transmission to us, and thank you for the clear exposition of the manner in which duty should be assessed.

It is agreed that unnecessary complications can be avoided by the adoption of the correct initial procedure. To this end we propose from today's date to supply to our customers an additional copy of any Contract made, which they should pass over to you without delay.

We regret that duty has hitherto been calculated on F.O.B. Cost, and not current value, and we propose to submit an amended schedule of past shipments based on the correct evaluations for duty purposes. This may entail some delay due to the work involved, and we would claim your indulgence in extending the validity dates of these cases which you have already brought to the attention of the importers.

In future in column 7 of the Special Customs Invoice, under the heading of "Current Unit Price for Export to United States", the correct particulars of "value" and not "cost" will be given. We shall also supply an additional form showing how the Duty payable has been arrived at.

Trusting that this information will be sufficient for your purposes,

We remain,

Yours faithfully,

p.p. United Plywood Company.

D. Peskin

A supplemental letter, dated November 5, 1959 (plaintiff's exhibit 2–D), was also sent to the collector. It reads as follows:

Further to our letter of 28th October, we find that we have inadvertently included in all our past F.O.B. values the freight from Japan to Europe. All

these previous shipments have come *via* Europe but have never been landed, and consequently we understand that the basis of calculation of F.O.B. value for Duty purposes should have been the current F.O.B. Japan value, as Duty is not payable on freight charges.

We propose to draw up the schedule referred to in our previous letter on this amended basis, and trust to have your confirmation that our interpretation of procedure is correct.

Yours faithfully,

p.p. UNITED PLYWOOD COMPANY.

D. Peskin

It is the contention of plaintiff that exhibits 2–C and 2–D, individually or collectively, constitute a valid, timely, and sufficient notice of appeal covering all of these cases, and that the formal notices of appeal, on customs Form 4305, filed March 7, 1960, were in the nature of "amendments giving specific entry details," occasioned by the collector's refusal to consider said letters as proper appeals.

The right of a party to challenge the appraised value of imported merchandise is granted by section 501 of the Tariff Act of 1930, as amended, which reads as follows:

§ 501.   Notice of appraisement; reappraisement.

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

Since it is clear that the formal notices of appeal, dated March 7, 1960, were not filed within the 30-day period authorized by the statute, jurisdiction over these causes, if it exists, must derive from the letters, hereinabove quoted, written by the exporter to the collector as of the dates of October 28 and November 5, 1959.

For reasons hereinafter appearing, I am constrained to hold that said letters are insufficient to confer jurisdiction and that defendant's motion must be granted.

In the first instance, it may be observed that, although the statute does not prescribe the form of, or the particulars to be included in, a notice of appeal for reappraisement, it can not seriously be questioned that there must be something about the document purporting to constitute the appeal which identifies the entry, and indicates that a

reappraisement is requested. And this is the tenor of judicial expression in the matter. *United States* v. *C. J. Tower & Sons*, 24 CCPA 456, T.D. 48912; *Jake Moskowitz* v. *United States*, 2 Cust. Ct. 974, Reap. Dec. 4583. Otherwise, how could the collector know what merchandise is in dispute or that the appraisement is being challenged, or indeed what papers shall be forwarded to the court for its action?

There is little, if anything, in the letters upon which plaintiff relies to comply with these minimal requirements. The letter, dated October 28, 1959, merely requests an extension of "the validity dates of these cases which you have already brought to the attention of the importers" to afford the exporter an opportunity to supply "an amended schedule of past shipments based on the correct evaluations for duty purposes." The November 5th communication gives details of an alleged erroneous inclusion in the f.o.b. prices stated on the invoices of "all these previous shipments" of freight from Japan to Europe, as the basis upon which the amended schedules will be drawn. Neither letter definitely identifies particular entries, nor specifically challenges values already returned by the appraiser. Although the phraseology employed clearly evidences unfamiliarity with American customs procedures, seemingly, the object of the writer was to delay, rather than to seek judicial review of, any action by the appraiser.

No other construction of the correspondence seems reasonable, or indeed, even warranted, since the letters contain nothing to suggest any awareness that any of the entries had already been appraised. While it is true that an application for review is an importer's pleading which should be liberally construed (*J. V. Whitaker, for the account of Volkart Brothers, Inc.* v. *United States*, 43 Cust. Ct. 437, Abstract 63621), the court may not read into a communication an intent inconsistent with the facts in possession of the author.

Moreover, it does not appear that United Plywood Co. of London is a party authorized by the statute to institute an appeal for reappraisement. Section 501, *supra*, restricts that right to the consignee or his agent. Whether United Plywood Co. be described as manufacturer, shipper, seller, exporter, or consignor, it does not fall into the category of the consignee or his agent.

The consignee of imported merchandise is defined in sections 483 and 484(h) of the Tariff Act of 1930, as follows:

§ 483. * * *

For the purposes of this subtitle—

(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof. * * *

(2) A person making entry of merchandise under the provisions of subdivision (h) or (1) of section 484 of this title (relating to entry on carrier's certificate

and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof.

[§ 484] (h)  Any person certified by the carrier bringing the merchandise to the port at which entry is to be made to be the owner or consignee of the merchandise, or an agent of such owner or consignee, may make entry thereof, either in person or by an authorized agent, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 483 of this title.

The official papers in each of the cases here involved contains a carrier's certificate which states that Wilmington Shipping Company of Wilmington, N.C., is the owner or consignee of the described merchandise, and each consumption entry, customs Form 7501, recites that Wilmington Shipping Company is acting for the account of Thomason Plywood Corp. or Thomason Sales Co., as the case may be.

Plaintiff's witness, Edward C. Snead, a former customs official, who had served both as assistant collector of customs and as acting collector of customs and presently operates as a customs broker, testified that he was employed by plaintiff as a consultant, from which activity, presumptively, stemmed his familiarity with the instant transactions. He gave the following testimony with respect to the various parties involved:

Q.  Who is the consignee in these various appeals that are now before the Court?—A.  The Wilmington Shipping Company is the importer of record. The consignee in some cases is the Thomason Plywood Corporation, and in some cases the United Plywood Company of London, England. In all cases, however, the United Plywood Company was the principal in that they sold the merchandise, costs, insurance and duty paid, and that was in accordance with their contract with Thomason Plywood Corporation which, as noted on each invoice, was filed with each of the entries involved in this case.

Q.  So that if the United Plywood Corporation is not noted as the consignee, they would be acting as the consignee in the payment of the duties in all these entries?—A.  That is right.

In none of these cases is United Plywood Co. listed as consignee. It is described in the special customs invoice on file with each entry as the seller, and, although no owner's declaration, as defined in section 485(d) of the Tariff Act of 1930 [1] has been filed, the papers contain a declaration that Wilmington Shipping Company, in whose name the entry is made, is not the actual owner and that the merchandise was imported by Thomason Plywood Corp. or Thomason Sales Co., as the case may be.

Section 501, *supra*, does not contemplate any principal other than the consignee, and there is no competent proof that United Plywood Co. was authorized to, or did in fact, act in the capacity of the consignee's agent.

---

[1] [Sec. 485].(d)  A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

The fact that, by the terms of its contract with the real importer, the seller assumed responsibility for the payment of customs duties, did not make it a party to the transaction for the purposes of perfecting an appeal for reappraisement.

The converse of the present situation was involved in the case of *United States* v. *C. J. Tower & Sons, supra,* wherein, it appearing that the seller had agreed to pay any increased or additional duties found to be due, the contention was made that the entrant of the merchandise, apparently a customs broker, was not a proper party to prosecute an appeal for reappraisement. The court rejected this contention, stating:

Counsel for the Government direct attention to an affidavit of an official of the Peterboro Cereal Co. in which, referring to the two last-named cases (and seemingly to some other cases not involved in this appeal), it was said:

That the Peterboro Cereal Company is the real party in interest in said reappraisements and is liable for any increased and additional duties that may be due.

It is argued from this that the appeals being by C. J. Tower & Sons, and no express agency to take said appeals being shown, they were not in the name of the real parties in interest. Obviously, the statute does not require that appeals to reappraisement be filed by "the real party in interest." We may take judicial notice of the fact that in a majority of the cases which reach this court it is the practice for both protests and appeals to reappraisement to be prosecuted in the names of the customs brokers. In the instant case appellees in entering the merchandise became liable to the Government, and doubtless would be liable upon their bond for any additional duties found to be due, whatever their ultimate rights for reimbursement, or payment, by those for whom they made the entries might be. It is unreasonable to suppose that the collector would look to or depend primarily upon the foreign shipper of the merchandise for such payment, under the facts here appearing.

Since the communication from the exporter may not be construed as an appeal for reappraisement, and the formal notices of appeal on customs Form 4305 have not been filed within 30 days of notices of appraisement, there are no valid or timely appeals for reappraisement in these cases. The motion of defendant to dismiss these appeals for reappraisement is, therefore, granted, and the cases are dismissed.

Judgment will be entered accordingly.